Omel A. Nieves, Esq., SBN 134444
 nieves@huntortmann.com
Katherine J. Odenbreit, Esq., SBN 184619
 odenbreit@huntortmann.com
HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone:  (626) 440-5200
Fax:  (626) 796-0107

Attorneys for Cynthia L. Czuhaj, an
individual; on behalf of herself and all
others similarly situated,

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cynthia L. Czuhaj, individually and on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>Conair Corporation, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No. **'13CV1901 BEN RBB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Plaintiff, Cynthia L. Czuhaj ("Plaintiff", "Consumer Representative", or "Czuhaj") by and through her undersigned counsel, individually and on behalf of all others similarly situated (the "Class"), allege the following facts and claims upon personal knowledge and upon information and belief as to all other matters as follows:

## Jurisdiction and Venue

1.      This Court has diversity jurisdiction over this matter pursuant to 28

1  U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000,

2  exclusive of interest and costs, and this is a class action in which the members of the

3  proposed Class and Defendant are citizens of different states.

4      2.    This Court also has personal jurisdiction over Defendant because

5  Defendant is authorized to do business, and currently does business, in this state.

6      3.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391

7  because Defendant does substantial business in this district directly and through

8  retailers located in this district, and a substantial part of the events or omissions

9  giving rise to the claims in this action took place within this district.

10  **The Parties**

11      4.    Consumer Representative, Cynthia L. Czuhaj, is and was at all relevant

12  times a resident of the State of California, has purchased the Conair product at issue

13  in this case, and has suffered harm and injury as a result.

14      5.    Plaintiff purchased a Conair Infiniti Pro 1875 Watt hair dryer ("Hair

15  Dryer(s)") in October 2011 from retailer Sam's Club in October 2011, California.

16  Plaintiff is informed and believes that Sam's Club offers only high quality products

17  which are scrutinized by the retailer before offered to their customers.  Plaintiff

18  recognized Conair to be a nationally known brand with a reputation for quality.

19  Plaintiff purchased this particular model of hair dryer due to Conair's representation

20  that the AC motor is more powerful, provides fast airflow and lasts up to three times

21  longer than the typical DC motor hair dryers.  Plaintiff used the Hair Dryer for its

22  intended use to dry her hair on daily or every other day for approximately 10

23  months.  On August 14, 2012 while using the Hair Dryer to dry her hair, Plaintiff

24  was suddenly made aware that flames were emanating from the Hair Dryer.

25  Plaintiff has been damaged in that she purchased the Hair Dryer and has lost money

26  she spent purchasing the product while being misled about its stated performance on

27  which she relied and while Conair withheld information solely in its possession

28  regarding the potentially dangerous defect in the product.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

6.     Defendant, Conair Corporation, is a Delaware Corporation headquartered in East Windsor, New Jersey with its Marketing and Sales headquarters located at One Cummings Point Road, Stamford, Connecticut.  Conair is engaged in the business of manufacturing and selling hair dryers to consumers either directly through their website or through major retail chains nationwide.

7.     Each of the DOES 1-10 is the agent, servant, partner, joint-venturer, co-venturer, principal, director, officer, manager, employee or shareholder of one or more of its co-defendants who aided, abetted, controlled, and directed or conspired with and acted in furtherance of said conspiracy with one or more of its co-defendants in said co-defendants performance of the acts and omissions described herein.  Plaintiff sues each of these Doe Defendants by these fictitious names because Plaintiff does not know these Defendants' true names and capacities at this time.

## FACTUAL ALLEGATIONS

8.     Conair is one of the world's largest privately held health and beauty companies and has been around for more than 50 years.  It develops, designs, manufactures and sells health and beauty products nationwide through direct website sales and through nationwide retailers such as Sam's Club, Wal-Mart, Target and CVS Pharmacies.  Conair holds the number one position in the industry with hair dryers.[1]

9.     The Conair Infiniti Pro 1875 Watt hair dryer is marketed by Conair as being quiet and fast drying attributed to its powerful AC motor which Conair claims lasts three times longer than DC motor hair dryers.  Conair expressly states in its advertising materials and packaging that it "Guarantees up to 3x longer life".  Conair is so confident in this claim, it provides a four-year limited warranty with the Hair

---

[1] Conair website, www.conair.com/corporate-cn-10.html

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Dryer.



10.   Conair's four-year limited warranty for the Hair Dryer provides:

"Conair will repair or replace (at our option) your unit free of charge for 48 months from the date of purchase if the appliance is defective in workmanship or materials."

**LIMITED FOUR YEAR WARRANTY**

Conair will repair or replace (at our option) your unit free of charge for 48 months from the date of purchase if the appliance is defective in workmanship or materials.

To obtain service under this warranty, return the defective product to the service center nearest you, together with your purchase receipt and $7.00 for postage and handling. California residents need only provide proof of purchase and should call 1-800-366-0937 for shipping instructions. In the absence of a purchase receipt, the warranty period shall be 48 months from the date of manufacture.

ANY IMPLIED WARRANTIES, OBLIGATIONS, OR LIABILITIES, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, SHALL BE LIMITED IN DURATION TO THE 48 MONTH DURATION OF THIS WRITTEN, LIMITED WARRANTY. Some states do not allow limitations on how long an implied warranty lasts, so the above limitations may not apply to you.

IN NO EVENT SHALL CONAIR BE LIABLE FOR ANY SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES FOR BREACH OF THIS OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, WHATSOEVER. Some states do not allow the exclusion or limitation of special, incidental, or consequential damages, so the above limitation may not apply to you.

This warranty gives you specific legal rights, and you may also have other rights, which vary from state to state.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1

2

3      11.     Conair warrants the Infiniti Pro hair dryer against defect in material or

4  workmanship for four years from the date of purchase.  In numerous cases the Hair

5  Dryer caught fire and ceased working within one to two years of purchase.

6  Plaintiff's Hair Dryer caught fire and ceased to work 10 months after purchase.

7      12.     Any limitations on remedies contained in Defendant's express

8  warranties fails of their essential purpose and are unenforceable with respect to the

9  fire hazard alleged herein.  Plaintiff alleges to the extent this defect was manifested

10  through the manufacturing process (workmanship or materials), Defendant's express

11  warranty is implicated.

12      13.     In August 2012 while using the Hair Dryer to dry her hair, the Hair

13  Dryer sputtered and began emitting from the Hair Dryer.  This sudden fire so close

14  to her head caused Plaintiff to drop the dryer to the ground where it ignited her

15  carpet.  The Hair Dryer continued to run despite the fact it was plugged into a GFCI

16  outlet.  The Hair Dryer is also equipped with two different types of "safety plugs"

17  one of which is the ALCI or Appliance Leakage Current Interrupter.  The ALCI is

18  designed to recognize a change in the electrical current.  This "safety" feature did

19  not prevent the Hair Dryer from bursting into flames.  Plaintiff immediately

20  unplugged the Hair Dryer and put out the flames on her carpet which was

21  permanently scorched by the event.

22      14.     The defect typically occurs within the first year or so of use.  The

23  defect's presence is material because the defect causes the Hair Dryer to catch fire,

24  exposing consumers to potential serious injury.

25      15.     The defect is material because neither Plaintiff nor a reasonable

26  consumer would have purchased the defective Hair Dryer had they been aware of its

27  propensity to catch fire during normal use and even when it is plugged in but not in

28  use.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

16.     Although numerous consumers have reported the fire hazard to Defendant, Defendant has failed to notify consumers or the retailers that sell their products of the potential dangers of this defect.

**Consumer Complaints Concerning Conair's Defective Infiniti Pro Hair Dryer**

17.     At all times relevant herein, Conair has had exclusive knowledge of the dangerously defective nature of the hair dryer's propensity to spark and catch fire, even when not in use.  As the manufacturer, marketer and seller of Conair Infiniti Pro hair dryers, Conair alone possessed specialized knowledge about the design and manufacturing process and is in a superior position to know and learn of potential defects.  As evidenced by the many consumers of the defective Hair Dryers who have gone through the trouble to complaint not only directly to Conair, but to the United States Consumer Product Safety Commission ("CSPC") and by visiting online forums to complain about the dangerous defect, Conair has notice of this defect.

18.     From at least 2009 to as recent as May 2013, consumers nationwide have posted complaints of the same problem with this Hair Dryer on consumer websites, including but not limited to, consumeraffairs.com.   Consumers consistently reported the Hair Dryer sparking and catching fire during normal use and sometimes even when the Hair Dryer was turned off.  The complaints also reflect early and continued manifestation of the defect and Conair's refusal to recall the product or even to publicly warn consumers of the danger, as these samples show:

| Date/Location | Comments/Source |
|---|---|
| Oct. 3, 2009 - Bowie, MD | I have a Conair 1875 model hair dryer and when I was cleaning out closets, the dryer started up and by the time I got to the dressing area there were flames |

HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

| | |
|---|---|
| | shooting out of it.  I quickly pulled out the plug and threw a wet towel over it.  Horrible smell and smoke but nothing to speak of was damaged except some frayed nerves and a hair brush where the teeth had melted.  I am just thankful I was home at the time. – www.consumeraffairs.com/homeowners/conair.html |
| Oct. 4, 2009 – Attleboro, MA | My 87 year old mother was drying her hair when the appliance burst into flames-She luckily was not injured and was only minor damage to her home, however this could have been disasterous [sp] and I feel someone should know about it. - www.consumeraffairs.com/homeowners/conair.html |
| | |
| March 30, 2010 – Yelm, WA | I have a Conair 1875.  After using it and turning it off about five minutes later, it turned itself on and caught fire.  I think these should be recalled. - www.consumeraffairs.com/homeowners/conair.html |
| April 22, 2012 – Chatsworth, CA | I've purchased several Conair hairdryers which usually start burning after several years of use, but the 1875 which I bought three months ago, January 30, 2012, started burning today, 4-22-2012.  I could see orange flames on the coils in the dryer so I immediately switched to the cool heat, which I was able to use.  Judging by the complaints on this board, I am not the only one experiencing this problem.  This is too dangerous for Conair to ignore.  Do not buy Conair 187 if you value your safety.  - www.consumeraffairs.com/homeowners/conair.html |
| Oct. 13, 2012 | The product in question is the Conair Infinity 1875 series watt hair dryer with blue handle.  The handle gets very hot just after a few minutes of use.  It gets so hot that I have to turn it off or else I fell [sp] like it will burn my hand.  - www.saferproducts.gov (U.S. Consumer Product Safety Commission) |
| November 4, 2012 – New | While drying my hair, my Conair 1875 suddenly made a loud pop and stopped working.  It was 1-2 |

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

| Paltz, NY | years old.  It was pretty scary at the time but going by the other posts, I see it could have been worse.  I am surprised there has not been a recall. - www.consumeraffairs.com/homeowners/conair.html |
| Dec. 12, 2012 | My wife was using a Conair 1875 dryer to dry her hair and it was working fine.  She finished, turned it off and layed it down on the counter.  It sat there for about 5 seconds and then turned on by itself and put out a bunch of nasty smoke.  My wife immediately pulled the plug and it turned off.  – www.saferproducts.gov (U.S. Consumer Product Safety Commission). |

19.    Over the past several years, consumers have also reported the problem directly to Conair Corporation who has failed and refused to recall the product. Some of these complaints were filed with the United States Consumer Product Safety Commission ("CPSC").  The CPSC's records indicate Defendant was notified of the complaints providing further evidence Defendant is and has been aware of the dangerous defect in the product.  Conair has failed to take action to remedy the defect in its Infiniti Pro Hair Dryers.

| Date/Location | Comments/Source |
|---|---|
| Mar. 19, 2012 | Complaint filed with the United States Consumer Product Safety Commission regarding Conair 1875 hair dryer purchased at Walmart in California – Defendant was notified via email by consumer: While my wife was blow drying her hair, the cord closest to the plug burst into flames and caused a significant power surge throughout my home.  My wife quickly dropped the hair dryer fearing from the fire and electrocution and ran out of the bathroom. As I approached the bathroom, the dryer was still smoldering, however no active fire… www.saferproducts.gov (U.S. Consumer Product |

Hunt Ortmann Palffy
Nieves Darling & Mah, Inc.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

| | Safety Commission) |
|---|---|
| June 8, 2012 | Plaintiff is informed and believes this complaint filed with the United States Consumer Product Safety Commission regarding Conair 1875 hair dryer purchased at Walmart (state not specified). The complaint states the consumer returned products to Conair notifying them of the problem.<br><br>Turned on hair dryer made by Conair (name on side states it is a cord keeper). The dryer was on a medium setting and began throwing sparks out into my hair and onto the floor.  The dryer has the name Infiniti by Conair on the upper part of the hair dryer.<br><br>I have a second dryer by Conair and it also makes a buzzing sound when turned on.  I want to get credit for these products and have them returned to the manufacturer as both are in my opinion unsafe to use.<br>www.saferproducts.gov (U.S. Consumer Product Safety Commission) |

**Conair's Failure to Recall the Infiniti Pro Hair Dryer or Disclose or Warn of the Defect**

20.    The above samples of consumer complaints mirror the class-wide manifestation of the defect and that Conair is aware of the defect.  Conair has never proactively informed or warned consumers about the defect's existence or the potential injury it can cause.  Defendant never revealed the existence of the defect in its marketing materials or on its website or retailers where consumers can purchase the product.  However, Conair continues to extol the virtues of its AC motor which Conair claims lasts three times longer than typical DC motor hair dryers.

21.    Conair has never issued a recall of the Infiniti Pro hair dryer.  Despite Conair's awareness of the danger and injury this product can cause to consumers,

Hunt Ortmann Palffy Nieves Darling & Mah, Inc.
301 North Lake Avenue, 7ᵗʰ Floor
Pasadena, California 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Conair has refused to take action to protect class members from the defect. Despite Conair's exclusive knowledge of the defect at all times relevant herein, Defendant has concealed and suppressed these facts from the public and consumers who purchase and use the product. Conair continues to publically tout in its marketing and packaging materials and on its website about the powerful AC motor that lasts three times longer than the average hair dryer despite its knowledge that on average the product fails within the first year or so of use and subjects consumers to possible serious injuries. Further, Conair failed to even issue a warning to consumers of the known defect in its packaging, users guide or advertising despite its knowledge that lack of such warning caused consumers to use the product unaware of its dangerous propensity thereby causing injury to consumers.

22. Plaintiff and Class Members and the public were, at all times relevant, ignorant of the existence of the defect and, knowing this, Conair continued to broadly market and sell this product online and through nationwide retailers.

23. Through such acts of fraudulent concealment, Conair has successfully concealed from the public facts necessary to support the claims herein. Plaintiff, the general public and others similarly situated, were and are prevented from knowing and having knowledge of such unlawful, unfair, fraudulent and/or deceptive conduct or of facts that might have led to the discovery thereof.

24. Even after Plaintiff's pre-litigation request to Defendant shed further light on the problems caused by the defect, Defendant has refused to recall or even notify consumers and retailers of the potential dangers.

25. Conair's wrongful acts caused Plaintiff and Class Members to purchase hair dryers they otherwise would not have purchased, paid more for those hair dryers than they would have paid and unnecessarily paid, and will continue to be subjected to the potential of serious bodily injury and injury to their property as a result of the defect.

26. Conair is the manufacturer of the Hair Dryer. The Hair Dryer did not

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

perform safely as an ordinary consumer would expect it to perform when used to dry hair.  Plaintiff and Class members were harmed when the Hair Dryer failed to perform safely as expected, to wit, caught fire or smoked and ceased working, which was a substantial factor in causing injury to Plaintiff and Class members.

27.     Had Defendant warned Plaintiff and Class members about the danger, their injuries could have been avoided.

**Defendant's Misrepresentations and Omissions**

28.     At the most basic level, Defendant fails to disclose the defect. Defendant also falsely advertises and misrepresents the characteristics, benefits, grade, quality, and/or standard of the Hair Dryer since the Hair Dryer fails its most fundamental intended purpose – to dry hair.  Consumers using the Hair Dryer have a reasonable expectation that it will dry hair without catching fire and exposing consumers to serious injury.

29.     Defendant, through consumer complaints and first-hand knowledge, was aware of the Hair Dryer's defect that caused it to catch fire.  Despite Defendant's knowledge of the Hair Dryer's propensity to spark and/or catch fire, Conair has perpetrated a fraud-by-omission on Plaintiff and consumers who purchased the Hair Dryer.  Conair at all times herein, had exclusive knowledge of the material facts (the defect)  which was not known to Plaintiff or other similarly situated consumers.  Defendant has been aware of this defect, yet actively concealed such defect from Plaintiff and consumers by failing to recall the product, place appropriate warnings on packaging and user guides, or take any other such action to notify consumers of the possible serious injury that could result in using the product. Defendant had a duty to disclose the defect to Plaintiff and consumers yet failed to do so.  Further, Defendant could have placed such warnings on its website, on the packaging of the product, and in the Important Safety Information pamphlet included in the package with each Hair Dryer.  (See Exhibit "B" attached hereto).

30.     Plaintiff is informed and believes Defendant has acknowledged

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

internally that the Hair Dryer emitting flames and/or sparking and ceasing to operate resulted from defects in the Hair Dryer's design, materials, assembly and/or workmanship.

31.     Defendant continues to conceal the material information, even post-sale, from consumers, users, and the public, through such omission on its website and its customer service representatives that the Hair Dryers: (a) are inherently defective and potentially dangerous; and (b) are not of merchantable quality or fit for their ordinary purpose.

## CLASS ACTION ALLEGATIONS

32.     Cynthia L. Czuhaj brings this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33.     The classes which Consumer Representative seeks to represent are defined as follows:

34.     A class consisting of all "consumers" as defined by Cal. Civ. Code §1761(d) residing in the United States who purchased, not for resale, a Conair Infiniti Pro 1875 watt Salon Performance hair dryer ("Hair Dryer") at any time in the four years preceding the filing of this action (the "Nationwide Class").  The Nationwide Class seeks certification of claims based on Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL"), Cal. Bus. & Prof. Code §17500 *et seq.* ("FAL"), Cal. Civ. Code §1750 *et seq.* ("CLRA"), Strict Products Liability – Product, and/or Strict Products Liability – Failure to Warn.

35.     In addition to, and in the alternative to the claims asserted on behalf of the Nationwide Class, Consumer Representative also brings this action on behalf of a subclass consisting of all consumers who purchased, not for resale, a Conair Infiniti Pro 1875 watt Salon Performance hair dryer ("Hair Dryer") in the State of California and/or who was a resident of the State of California at the time of purchase, at any time in the four years preceding the filing of this action. (the

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

"California Class"). The California Class seeks certification of claims based on Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL"), Cal. Bus. & Prof. Code §17500 *et seq.* ("FAL"), Cal. Civ. Code §1750 *et seq.* ("CLRA"), Strict Products Liability – Product, and/or Strict Products Liability – Failure to Warn.

36.     Plaintiff reserves the right to amend or modify the class definition in connection with their motion for class certification or the result of discovery.

37.     Excluded from the Nationwide Class and California Class are (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents and representatives and their family members; (iv) Plaintiff's legal representatives and their immediate family; and (v) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

38.     <u>Numerosity/Ascertainable Class:</u>  The members of the California Class and/or the Nationwide Class are so numerous that joinder of all members is impracticably.  Thousands of consumers purchased the Hair Dryer and were therefore subjected to the potential danger of the Hair Dryer catching fire during use.  The precise number and identities of class members are unknown to plaintiffs, but can be ascertained through discovery, namely using Conair's records of sales directly through their website, product registration records, records from wholesale stores that require membership (i.e., Costco, Sam's Club), retail store records, and publication.

39.     <u>Common Questions of Law and Fact Predominate:</u>  There are questions of law and fact common to the members of the California Class and the Nationwide Class which predominate over any questions that affect only individual class members.  The Hair Dryers are all the same and do not differ in any manner that is relevant to the Consumer Representative's allegations of defects, and the damage

and harm caused thereby.  There is a well-defined community of interest in the questions of law and fact involved that affect Plaintiff and Class Members who have purchased the Hair Dryer, and they all suffer the inherent and common defects which could expose them to the dangerous defect.  The common questions of law and fact include, without limitation:

        a.      Whether the Hair Dryers are defective;

        b.      Whether Defendant knew or recklessly disregarded the fact the Hair Dryers were defective;

        c.      Whether Defendant's omissions of the material fact that the Hair Dryers are defective was likely to deceive a reasonable consumers;

        d.      Whether Hair Dryer failed to perform safely as an ordinary reasonable consumers would expect;

        e.      Whether Defendant failed to warn consumers of the dangers of their Hair Dryers;

        f.      Whether Defendant breached the implied warranty of merchantability;

        g.      Whether Defendant has engaged in unfair or unlawful methods of competition, unconscionable acts or practices, and unfair and/or unlawful or deceptive acts or practices in connection with the sale of their Hair Dryers;

        h.      Whether, as a result of Defendant's conduct, Plaintiff and Class Members have suffered injury and/or damages; and if so the appropriate amount thereof.

    40.   <u>Typicality:</u>  The Consumer Representative's claims are typical of the claims of Class Members in that the Consumer Representative and Class Members have purchased the same Hair Dryers, which share the same design, parts, materials, workmanship and manufacture and about which Defendant made the same representations and omissions.  Therefore, the claims of the Consumer Representative are and will be typical of Class Members.

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

41.   <u>Adequacy:</u>  The Consumer Representative will fairly and adequately represent the interests of all Class Members.  Consumer Representative has purchased the Hair Dryer and experienced first hand the dangerous defect when the Hair Dryer caught fire while drying her hair.  The Consumer Representative has no interests which are adverse to absent Class Members and no known conflict of interest.  Consumer Representative has retained counsel with substantial experience and success in the prosecution of complex class action litigation.

42.   <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The disposition of their claims in this case and as part of a single class action lawsuit, rather than thousands of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this matter were handled as hundreds of separate lawsuits.  Furthermore, given the extraordinary expenses and burden in conducting the discovery and presentation of evidence relating to inherent defects in the Hair Dryers, the burden of individual litigation would make it extremely difficult, if not impossible for individual members of the Class to redress the wrongs asserted herein, while an important public interest will be served by addressing the matter as a class action.  Moreover, separate prosecution by thousands of individual members of the Class would likely establish inconsistent standards of conduct for the Defendant and result in the impairment of and potential harm to, Class Members' rights and the disposition of their interests through actions to which they were not parties.  The Consumer Representative is informed and believes that a great amount of time and expense will be saved by conducting the discovery and presentation of evidence about the defect in the Hair Dryers in a single class action lawsuit, in contrast to the repeated discovery and presentation of

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

evidence in hundreds, if not thousands, of separate lawsuits brought on the common questions presented by the allegations in this complaint.  The Consumer Representative knows of no difficulty that will be encountered in the management of this litigation which would preclude the maintenance as a class action.

## FIRST CAUSE OF ACTION

### Asserted on Behalf of the Nationwide Class, and Alternatively
### on Behalf of the California Class
### (Violations of Cal. Bus. & Prof. Code §17200 *et seq.*)

43.     The Plaintiff/Consumer Representative repeats and re-alleges all prior paragraphs and incorporate them as if fully set forth herein.

44.     Defendant has engaged in unfair, unlawful, and fraudulent business practices or acts as set forth above.

45.     The Consumer Representative brings this cause of action on behalf of herself and the Nationwide Class, or in the alternative, the California Class pursuant to California Business & Professions Code §17200, *et seq.*

46.     Defendant's conduct constitutes unfair business acts and/or practices because Defendant's practices have caused and are likely to cause substantial injury to Plaintiff and consumers which injury is not reasonably avoidable by Plaintiff and consumers in light of Defendant's exclusive knowledge of the defects in the Hair Dryers, and is not outweighed by the acts' or practices' benefits, if any, to Plaintiffs and consumers.  Such conduct is ongoing and continues to this date.

47.     Defendant's acts and practices of selling Hair Dryers while omitting the material facts that the Hair Dryers have a propensity to spark and/or catch fire during normal and intended use offends an established public policy or are substantially injurious to consumers. Furthermore, these acts and practices threaten an incipient violation of consumer protection statutes, or violate the policy and spirit of one of those laws because the effect of the acts and practices are comparable to or the same as a violation of law or otherwise significantly threaten or harm the

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

competition.

48.     Defendant's omissions and misrepresentations are anticompetitive because consumers are lured into buying Defendant's Hair Dryers, when had they been made aware of the true facts, they would have bought a traditional DC motor or other hair dryer that would not subject them to the potential for serious injury.

49.     Defendants acts and practices are unlawful because they violate California Civil Code §§1709, 1710, and 1711.  Defendant's acts and practices are also unlawful because they violate the Mangnuson-Moss Warranty Act ("MMWA") 15 U.S.C. §§2301, the Consumer Legal Remedies Act ("CLRA"), Civil Code 1750 *et seq.*, the common law, and the law of strict product liability.

a.     Defendant violates Civil Code §§1709, 1710, and 1711 by not disclosing to the public the material fact that the Hair Dryers have a high propensity to spark and/or catch fire which in turn can subject and cause consumers serious injuries.  Defendant knowingly and recklessly conceals or suppresses this information thereby defrauding Plaintiff and consumers. Plaintiff and consumers were unaware of the potential for the Hair Dryer to catch fire during normal and intended use and would not have purchased the Hair Dryer had they known of the problem.  As a result of Defendant's concealment of the defect and resulting problems, Plaintiff and consumers lost money by paying for a dangerous product they would not otherwise have purchased, in addition to damage to their property and/or person caused by the Hair Dryer spontaneously catching fire.  Plaintiff and Class Members did not receive the benefit of the bargain.

b.     Defendant violated the CLRA as alleged throughout this Complaint and in the Second Cause of Action, incorporated hereto by reference.

c.     Defendant is strictly liable for defects in the Hair Dryer caused by the design and/or manufacturing process as alleged throughout this Complaint, and in the Third and Fourth Causes of Action, incorporated hereto by reference.

d.     Defendant violates Cal. Commercial Code §2314, the common

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1   law, and the MMWA as alleged throughout this Complaint, and in the Fifth and

2   Sixth Causes of Action, incorporated hereto by reference.

3       50.   Defendant's acts and practices are fraudulent in that they have deceived

4   and/or are likely to deceive Plaintiffs and members of the consuming public,

5   including the Class.  Defendant knowingly sold Hair Dryers with defects that have

6   subjected consumers to the potential of serious bodily harm and which essentially

7   are unusable in a safe manner for which they were purchased.

8       51.   Plaintiff relies upon Defendant's unfair, unlawful, and fraudulent

9   business acts and practices – the material misrepresentations, omissions, and non-

10  disclosures – to their detriment in that they would not have purchased the hair dryers

11  had they known the true facts.

12      52.   Plaintiff has suffered injury in fact and has lost money as a result of

13  Defendant's unfair competition in that she would not have purchased the Hair Dryer

14  and therefore has lost the cost of the hair dryer and other amounts to be determined

15  at trial.  Plaintiff and the Class are entitled to declaratory relief and injunctive relief,

16  restitution, disgorgement of profits obtains from the  acts of unfair competition

17  alleged, plus interest, attorneys' fees and costs, and other relief as authorized by law.

18      53.   Pursuant to Business & Professions Code §17204, Plaintiff and the

19  Class Members are entitled to an order of this Court enjoining such conduct on the

20  part of Conair, and such other orders and judgments that may be necessary to

21  provide for complete equitable monetary relief by disgorging Defendant's ill-gotten

22  gains, including the monies Conair received or saved as a result of its wrongful acts

23  and practices.

## SECOND CAUSE OF ACTION

### Asserted on Behalf of the Nationwide Class, and Alternatively
### on Behalf of the California Class

### Consumer Legal Remedies Act, California Civil Code §§1750, *et seq.*

28      54.   The Plaintiff/Consumer Representative repeats and re-alleges all prior

paragraphs and incorporate them as if fully set forth herein.

55.     Consumer Representative seeks to recover for herself and the Nationwide Class, or in the alternative, the California Class based on Defendant's breach of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §1750 *et. seq.*

56.     The CLRA was enacted to protect consumers against unfair and deceptive business practices.  The CLRA applies to Defendant's acts, omissions and practices because it covers transactions involving the sale or lease of goods to consumers.

57.     At all times relevant hereto, Plaintiff and the Class were "consumers" as that term is defined in Civ. Code §1761(d).

58.     At all times relevant hereto, the Hair Dryers constituted "goods" as that term is defined in Civ. Code §1761(a).

59.     At all times relevant hereto, Defendant constituted a "person" as that term is defined in Civ. Code §1761( c).

60.     At all times relevant hereto, Plaintiff's and Class Members' purchase of the Hair Dryers constituted a "transaction" as that term is defined in Civ. Code §1761( e).

61.     Conair violated the CLRA by engaging in the following unfair and deceptive practices:

        a.     in violation of §1770(a)(5), Conair represented the Hair Dryers have characteristics, uses and benefits that they do not have; and

        b.     in violation of §1770(a)(7), Conair represented the Hair Dryers are of a particular standard, quality or grade when they are not.

62.     Defendant's Hair Dryers failed to perform in accordance with their expected characteristics, uses and benefits.

63.     Defendant intentionally conceals and/or fails to disclose the material fact that the Hair Dryers have defects and those defects cause the Hair Dryer to fail,

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

typically within the first few years of use and Hair Dryers' propensity to catch fire. This concealment is done for the purpose of inducing Plaintiff and consumers to purchase Defendant's hair dryers.  If Plaintiff and the Class Members had known of the Hair Dryer's propensity to catch fire, they would not have purchased the Hair Dryers at the prices they did.

64.    Defendant had a duty to disclose the defects in the Hair Dryers which caused them to catch fire for various reasons, including but not limited to:

a.    Conair had exclusive knowledge of material facts not known to Plaintiff or Class Members;

b.    Conair actively concealed and failed to disclose a material fact from Plaintiff and Class Members prior to the time they purchased the Hair Dryers.

65.    Defendant engaged in unfair and deceptive practices by withholding the above material facts from Plaintiff and the Class.

66.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members suffered injury and damage in an amount to be determined at trial. Plaintiff and Class Members are entitled to injunctive relief, restitution, costs of litigation, attorneys' fees pursuant to Civ. Code §1780( e) and/or other applicable statutes, and other relief the Court deems proper.

67.    Pursuant to California Civil Code §1782, on April 15, 2013, Plaintiff's counsel sent to Defendant a CLRA demand letter via certified mail.  A true and correct copy of this letter is attached hereto as Exhibit "A".  Conair failed to provide the relief demanded, and therefore, Plaintiff seeks actual and punitive damages for violations of the CLRA.

### THIRD CAUSE OF ACTION

**Asserted on Behalf of the Nationwide Class, and Alternatively**

**on Behalf of the California Class**

**(Strict Products Liability-Defective Design or Manufacture)**

68.    The Plaintiff/Consumer Representative repeats and re-alleges all prior

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

paragraphs and incorporate them as if fully set forth herein.

69.     Plaintiff and Class Members purchased Hair Dryers which were manufactured, distributed or sold by Defendant.

70.     The Hair Dryers were defective and inherently and unreasonably dangerous and unsafe for their intended use because they have a propensity to spark and catch fire during normal use and sometimes even when turned off.

71.     The Hair Dryers failed to perform as safely as an ordinary consumer would have expected it to perform.

72.     As a direct and proximate result of the unreasonably dangerous condition of the Hair Dryers, Plaintiff and others similarly situated suffered property damage and economic loss to be determined at trial.  Plaintiff and Class Members are entitled to costs of litigation, attorneys' fees and any other or further relief the Court deems proper.

## FOURTH CAUSE OF ACTION

### Asserted on Behalf of the Nationwide Class, and Alternatively
### on Behalf of the California Class
### (Strict Products Liability-Failure to Warn)

73.     The Plaintiff/Consumer Representative repeats and re-alleges all prior paragraphs and incorporate them as if fully set forth herein.

74.     Plaintiff, and others similarly situated, purchased Hair Dryers which were manufactured, distributed or sold by Defendant.

75.     The potential for the Hair Dryers to catch fire while drying hair or even while off but still plugged in presents a substantial danger to consumers.

76.     Plaintiff and other ordinary consumers would not have recognized the potential risk of the Hair Dryer to spark and/or catch fire.

77.     Defendant failed to adequately warn purchasers of the potential risks posed by the Hair Dryers.  Such warnings should have been placed on the packaging, the Important Safety Information (user guide) included with each Hair

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Dryer, at the point of sale and/or their website where Defendant sells the Hair Dryer directly to consumers, or should have otherwise been placed in a way calculated to give reasonable and fair warning to consumers.

78.     As a direct and proximate result of Defendant's failure to warn of the risk of physical injury and injury to property that can be caused by the Hair Dryer, Plaintiff and Class Members suffered property damage and economic loss in an amount to be determined at trial.  .  Plaintiff and Class Members are entitled to costs of litigation, attorneys' fees and any other or further relief the Court deems proper.

### FIFTH CAUSE OF ACTION

### Asserted on Behalf of the California Class

### (Breach of Implied Warranty)

79.     The Plaintiff/Consumer Representative repeats and re-alleges all prior paragraphs and incorporate them as if fully set forth herein.

80.     Plaintiff purchased the Hair Dryer from Conair's authorized retailer, Sam's Club.

81.     Pursuant to an agreements for resale of the Hair Dryers between Conair and nationwide retailers including, but not limited to, Sam's Club, Target, CVS Pharmacies, Amazon and Wal-Mart Stores, Plaintiff and California Class Members are third-party beneficiaries of such contracts.

82.     At the time of sale, and currently, Defendant is in the business of manufacturing, distributing and selling hair dryers.

83.     Defendant knowingly and/or recklessly sold a defective product without conspicuously informing consumers about the defect.  Defendant possessed actual superior knowledge of the Hair Dryer's propensity to spark and/or catch fire based on consumer complaints filed through the Consumer Product Safety Commission, Conair's customer service representatives and internal investigations.

84.     Defendant's waiver and/or limits on implied warranties are unconscionable and unenforceable since Plaintiff and Class Members had no

meaningful choice in determining those time limitations, the warranties are written by Defendant without input from consumers, a gross disparity in bargaining power exists as between Defendant and California Class Members, Plaintiff and California Class Members had no way of knowing the unilateral limitations placed on the implied warranty by Defendant until they had already purchased and opened the product, Defendant knew or should have known that the Hair Dryers were defective at the time of sale and have a propensity to catch fire before the 4 year warranty period lapses, and Plaintiff and California Class Members were unfairly surprised by the concealment of the material facts of the defects causing their Hair Dryers to spark and/or catch fire.

85.     Plaintiff and California Class Members' Hair Dryers became unfit for their ordinary purpose of safely drying hair within the implied warranty period.

86.     The inherent design/manufacturing defects in the Hair Dryers existed when the hair dryers left Defendant's and their authorized resellers' possession and renders the hair dryers unfit for their intended use and purpose.

87.     As a direct and proximate result of Defendant's breach of its implied warranty, Plaintiff and California Class Members have sustained damages and other losses in an amount to be determined at trial.  Plaintiff and California Class Members are entitled to recover legal and equitable relief against Defendant, including damages, attorneys' fees, litigation costs and other relief the Court deems proper.

## SIXTH CAUSE OF ACTION

### Asserted on Behalf of the Nationwide Class, and Alternatively
### on Behalf of the California Class

### (Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, *et seq.*)

88.     The Plaintiff/Consumer Representative repeats and re-alleges all prior paragraphs and incorporate them as if fully set forth herein.

89.     The Hair Dryers are "consumer products" within the meaning of the

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §2301(1).

90.     Plaintiff and Class Members are "consumers" within the meaning of the MMWA, 15 U.S.C. §2301(3).

91.     Defendant is a "supplier" and "warrantor" within the meaning of the MMWA, 15 U.S.C. §§2301(4)-(5).

92.     Defendant provided Plaintiff and Class Members with "implied warranties" within the meaning of the MMWA, 15 U.S.C. §2301(7).

93.     Pursuant to an agreements for resale of the Hair Dryers between Conair and nationwide retailers including, but not limited to, Sam's Club, Target, CVS Pharmacies, Amazon and Wal-Mart Stores, Plaintiff and California Class Members are third-party beneficiaries of such contracts.

94.     Defendant warranted to Plaintiff and Class Members the Hair Dryers were free from defects, were of merchantable quality and fit for the ordinary purpose for which the hair dryers are used.

95.     Defendant has breached its warranties.  Defendant breached its warranties as to the Hair Dryers suffer from a defect that causes them to spark and/or catch fire during normal and intended use.

96.     The amount in controversy of Plaintiff and Class Members' individual claims meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined by this suit.

97.     In its capacity as a warrantor, and by the conduct described herein, any attempt by Defendant to limit the implied warranty of merchantability in a manner that would exclude coverage for the defects in the Hair Dryers is unconscionable and any such effort to disclaim, or otherwise limit liability for its defective Hair Dryers is null and void.

98.     By Defendant's conduct described herein, including Defendant's knowledge of the defects in the Hair Dryers and its inaction in the face of that

knowledge Defendant has failed to comply with its obligations under its implied warranties.

99.   Defendant has been afforded a reasonable opportunity to cure its breach of warranty. Plaintiff, on behalf of herself and the Class, provided written notice of the defects to Defendant and demanded an appropriate remedy prior to filing this action.  (Exhibit "A" attached hereto).  Defendant failed to remedy the situation.

100.   As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered injury and damages in an amount to be determined at trial.  Plaintiff and Class Members are entitled to recover damages, consequential damages, equitable relief, attorneys' fees and litigation costs pursuant to 15 U.S.C. §2310.

**SEVENTH CAUSE OF ACTION**

**Asserted on Behalf of the California Class**

**(Song-Beverly Warranty Act, California Civil Code §§ 1792, *et seq.*)**

101.   The Plaintiff/Consumer Representative repeats and re-alleges all prior paragraphs and incorporate them as if fully set forth herein.

102.   Under the Song-Beverly Warranty Act, California Civil Code §§1792, *et. seq.,* every sale of consumer goods in the State of California is accompanied by both a manufacturer's and retail seller's implied warranty that the goods are merchantable.

103.   Plaintiff and California Class Members located in the State of California each purchased one or more of the Hair Dryers from retailers located in California and/or through Conair directly via their website.  The Hair Dryers are "consumer goods" within the meaning of California Civil Code §1791(a).

104.   Defendant is in the business of manufacturing and selling the Hair Dryers to retail buyers, and is therefore a "manufacturer" and "seller" within the meaning of California Civil Code §1791.

105.   Defendant impliedly warranted to Plaintiff and California Class

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

Members that the Hair Dryers were of merchantable quality, would pass without objection in the trade or industry, and were fit for the ordinary purposes for which the hair dryers are used.

106.   Plaintiff and California Class Members discovered the defect in the Hair Dryers within one year of the purchase of the Hair Dryer and/or the defect was present during the implied warranty period.

107.   As described above, Defendant has breached the implied warranties because the Hair Dryers sold to Plaintiff and the California Class Members were not of the same quality as those generally acceptable in the trade and were not fit for the ordinary purposes for which such goods are used in that the Hair Dryers have a propensity to spark and/or catch fire exposing Plaintiff and California Class Members to serious injury and dangerous conditions.

108.   As a direct and proximate result of Conair's breach of the Song-Beverly Act, Plaintiff and Class members located in California sustained damages and other losses in an amount to be determined at trial.  Conair's conduct has caused Plaintiff and California Class Members as described above to incur compensatory damages, consequential damages, statutory damages, costs, attorneys' fees and interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant for the following:

a.   An order certifying a Nationwide Class, as well as or in the alternative, a California Class, and appoint Cynthia L. Czuhaj as Consumer Representative/Representative Plaintiff and their undersigned counsel as class counsel for the Nationwide and/or California Classes;

b.   An order enjoining Conair from continuing to engage in unlawful and unfair business practices, ordering Defendant to engage in a corrective and warning notice campaign, and requiring Defendant to refund to Plaintiff and Class Members the funds paid to Defendant for the defective Hair Dryers;

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

c.      An award of actual, consequential, compensatory, restitution, punitive damages and any other damages permitted by law;

d.      An order requiring Conair to disgorge all ill-gotten gains and to pay restitution to Plaintiff and Class Members consisting of all funds acquired by means of any business act or practice declared unlawful or unfair;

e.      Statutory pre-judgment and post-judgment interest on any amounts;

f.      Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

g.      Such other relief as the Court may deem just and proper.

DATED: August 15, 2013          HUNT ORTMANN PALFFY
                                NIEVES DARLING & MAH, INC.



                         By:  _____/s/ Katherine J. Odenbreit_____
                                    KATHERINE J. ODENBREIT
                         Attorneys for Plaintiff

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

# DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all those similarly situated, hereby demand a trial by jury on all issues so triable.

DATED: August 15, 2013             HUNT ORTMANN PALFFY
                                   NIEVES DARLING & MAH, INC.



By: _____/s/ Katherine J. Odenbreit_____
          KATHERINE J. ODENBREIT
    Attorneys for Plaintiff

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

**AFFIDAVIT OF CYNTHIA L. CZUHAJ**

I, CYNTHIA L. CZUHAJ, submit this Affidavit pursuant to §1780(d) of the California Code of Civil Procedure, Consumer Legal Remedies Act, and declare the following:

1. I am a named plaintiff in this litigation.

2. If called as a witness I could and would competently testify to the matters included herein.

3. I am informed and believe that the Defendant in this action conducts substantial business activity in the State of California and the County of San Diego, which is located in this District, and therefore this District is a proper place for trial of this action.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this ⎯14⎯ day of August, 2013 in Sierra Madre, California.

CYNTHIA L. CZUHAJ

570448.1 kjo 3732.030