Katherine J. Odenbreit (SBN 184619)
kodenbreit@kjolaw.com
ODENBREIT LAW., APC
16835 Algonquin Street, Suite 221
Huntington Beach, CA 92649
Tel:  (888) 490-3510

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, an individual, on Behalf of Herself and on Behalf of All Persons Similarly Situated,<br><br>            Plaintiffs<br><br>      vs.<br><br>CONAIR CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.: 13CV01901-BEN-RBB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CYNTHIA L. CZUCHAJ AS PLAINTIFF PURSUANT TO *FEDERAL RULES OF CIVIL PROCEDURE* RULE 12(b)(1); DEC. OF KATHERINE J. ODENBREIT; DEC. OF CYNTHIA CZUCHAJ; OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF MOTION [filed concurrently herewith]**<br><br>Hearing Date:  April 7, 2014<br>Hearing Time:  10:30 a.m.<br>Courtroom:         5A<br><br>Complaint Filed:          8/15/2013<br>Trial Date:                    None |

- 1 -

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

## I. SUMMARY OF ARGUMENT IN OPPOSITION

This is an omissions and product defect case alleging the defect created a serious risk of injury to Plaintiffs and putative class members. Plaintiffs also allege a breach of the Implied Warranty of Merchantability, Song-Beverly Act and Magnuson-Moss Warranty Act based on the allegations that the dangerously defective product was unfit for its intended purpose because the defect causes it to spark and/or catch fire during normal use. Plaintiffs are not alleging any claims related to Conair's express warranty of the product, therefore Plaintiff would not be required to submit a warranty claim prior to filing an action alleging the product was defective.

Defendant Conair ("Conair" or "Defendant") designs, manufactures, markets, advertises and sells the alleged defective Conair Infiniti Pro 1875 watt hair dryer ("Hair Dryer"). The Hair Dryers have a propensity to spark and catch fire during normal use putting hundreds of thousands of consumers at risk of serious injury. Conair never disclosed to consumers prior to the purchase of the Hair Dryers that they are defective.

The sole challenge set forth in Defendant's Motion to Dismiss is the standing of Plaintiff Cynthia Czuchaj, individually. Conair asserts Plaintiff Czuchaj has not alleged an "injury in fact". Specifically Defendant claims Plaintiff Czuchaj does not allege recovery for personal injury or property damages except the cost of the defective devices, and she never submitted a warranty claim to Conair which was rejected. In addition, Defendant also appears to be requesting the Court dismiss Ms. Czuchaj's claims for lack of "redressibility" because Conair alleges to have fixed the defect and therefore the Court cannot grant the injunctive or declaratory

relief requested.[1]  Conair admittedly does not challenge the standing of the other three representative plaintiffs, only Plaintiff Czuchaj.

### A. Plaintiff Cynthia Czuchaj

Plaintiff Cynthia Czuchaj purchased the Hair Dryer from a Sam's Club retail store in approximately October 2011.  FAC, ¶5.  While using the Hair Dryer for its intended purpose (i.e., drying her hair), it suddenly sparked and caught fire causing Ms. Czuchaj to drop it to the ground to avoid serious bodily injury.  FAC, ¶5.  Ms., Czuchaj managed to unplug the device from the wall.  She then discovered that her carpet had been scorched and damaged by the hair dryer when it caught fire.[2]  Ms. Czuchaj, on behalf of herself and putative class members, is seeking to recover not only costs incurred in purchasing the dangerous product, but also any damages caused by the manifestation of the defect, including damage to property.  Plaintiff Czuchaj has provided adequate allegations that she is seeking these damages through the FAC to put Defendant on notice these damages are being sought.  This is set forth sufficiently in Plaintiffs' causes of action:

- "Plaintiff and consumers lost money by paying for a dangerous product they would not otherwise have purchased, in addition to damage to their property and/or person caused by the Hair Dryer spontaneously catching fire."  FAC, ¶67(a)-allegations in the First Cause of Action: violations of Cal.Bus.&Prof. Code §17200, *et seq.* (Asserted by Cynthia Czuchaj on Behalf of the Nationwide Class, or in the alternative, the California Class).  FAC, p. 21.

---

[1] Defendant's Motion to Dismiss ("MTD"), pp. 11-12.
[2] These specific facts were inadvertently omitted from the FAC, but Plaintiff Czuchaj intends to seek such damages.  Dec. of Cynthia Czuchaj ("Czuchaj Dec.", ¶2.  If the Court grants Defendant's Motion to Dismiss, Plaintiffs would request leave to amend to add these factual allegations which would cure the defect.  On March 2, 2014, Plaintiffs' counsel informed Defendant's counsel these facts were inadvertently omitted from the FAC and that Plaintiff Czuchaj is seeking to recover damages for her scorched carpet. Dec. of Katherine J. Odenbreit ("Odenbreit Dec.") On March 4, 2014, Plaintiffs' counsel sent a proposed amended complaint to Defendant for consideration including these allegations. Defendant declined to stipulate to the filing of the proposed amended complaint. *Id.*

- "As a direct and proximate result of the unreasonably dangerous condition of the Hair Dryers, Plaintiffs and others similarly situated suffered property damage and economic loss to be determined at trial.", FAC, ¶91-allegations in the Third Cause of Action for Strict Products Liability by all Plaintiffs including Plaintiff Czuchaj.  FAC, p. 26.
- "As a direct and proximate result of Defendant's failure to warn of the risk of physical injury and injury to property that can be caused by the Hair Dryer, Plaintiffs and Class Members suffered property damage and economic loss in an amount to be determined at trial." FAC, ¶97-allegations in the Fourth Cause of Action for Strict Products Liability-Failure to Warn brought by all Plaintiffs including Plaintiff Czuchaj. FAC, p. 26.
- Plaintiffs' **Prayer for Relief** includes:  "c.  An award of actual, consequential, compensatory, restitution, punitive and other damages permitted by law." FAC, p. 39.

As set forth herein, Plaintiff Czuchaj does have standing to bring this action and has a claim or controversy.  Therefore, Defendant's Motion should be denied in its entirety.

**II. STANDARDS**

There are two types of challenges under FRCP Rule 12(b)(1): "facial" and "factual".  *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000).  A facial attack challenges that the allegations contained in the complaint are insufficient on their fact to invoke federal jurisdiction.  A factual attack challenges the truth of the allegations that would otherwise invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004).  While the district court may consider evidence beyond the complaint in a factual attack without converting the motion to dismiss to a motion for summary judgment, the Ninth Circuit has cautioned that a "[j]urisdictional finding of genuinely disputed facts is

inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Morrison v. Trivita, Inc.,* 2013 WL 1148070 (S.D.Cal.2013) *3, citing *Sun Valley Gasoline, Inc. v. Ernst Enters,* 711 F.2d 138, 139 (9th Cir.1983) (quoting *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). "In such cases, 'the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Morrison, supra* at *3, citing *Augustine, supra* at 1077.

    To be successful in a factual attack, the defendant must demonstrate that the allegations in the complaint that give rise to standing are untrue. However, where defendant's contentions require a plaintiff to prove the merits of the case at an early stage, the court must refuse such a request. *California Sportfishing Protect. Alliance v. All Star Auto Wrecking, Inc.* 860 F.Supp.2d 1144, 1152 (E.D.Cal.2012) [finding motion to dismiss claiming plaintiff required to show proof of actual environmental hard to establish standing for claims brought under the Clean Water Act was not appropriate at the pleading stage.]  The Ninth Circuit reiterated this ruling again on February 24, 2014.  In the case of *In re Clark,* 2014 WL 709976 (9th Cir. 2014), the Ninth Circuit affirmed the lower court's denial of a motion to dismiss for lack of standing which asked the court to make such a finding based on affirmative defenses (i.e., laches, statute of limitations). *Id.*  The Ninth Circuit held that while the defendant may ultimately be right in its assertions, inquiry into the merits at the pleading stage is inappropriate. *Id., citing Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir.2011) ("[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits."). As shown below, that is precisely what Conair is asking the Court to do through its Motion.

    **A. <u>The Use of Extrinsic Evidence At The Pleading Stage Is Limited</u>**

    When defendant makes a factual attack at the pleading stage, the court may consider extrinsic evidence such as affidavits. *Calif. Sportfishing, supra* at 1147.

However, only admissible evidence may be considered. *3D Systems v. Envisiontec, Inc.,* 575 F.Supp.2d 799, 804 [On a motion to dismiss, only relevant, admissible evidence is considered. Hearsay evidence may not be considered.] Further, where the motion to dismiss and supporting evidence attack the sufficiency of the allegations on their face, the motion will be treated as a facial attack, which means the Court must presume the facts alleged in the complaint are true. *Id.* at 1150.[3]

As an initial matter, Plaintiff contends Defendant has failed to submit any admissible evidence for the Court to consider. Defendant submits three declarations, two of which have exhibits. Plaintiff has submitted with this Opposition legal objections to these motions which show they do not constitute or contain admissible evidence. As such, Plaintiff respectfully requests the declarations be stricken and not considered.

### III.  PLAINTIFF HAS ESTABLISHED AN INJURY-IN-FACT

Defendant argues without any supporting authority that Plaintiff Czuchaj has failed to allege an injury-in-fact because she only seeks to recover the lost cost of the Hair Dryer.[4] This would be considered a facial attack on the allegations as Defendant does not dispute the truth of the allegations and therefore the Court must presume the truth of the facts alleged.[5]

An "injury-in-fact need not be monetary but it must be distinct and palpable, and of a type redressible by the Court." *Brace v. Lifeguard, Inc.,* 1995 WL 32868 (N.D.Cal.1995) *3; *see also Valley Forge Christian College v. Amer. For United Separation of Church and State, Inc.,* 484 U.S. 464, 486 (1982). "Economic injury is a sufficient basis for standing." *Overton v. Bird Brain, Inc.,* 2012 WL 909295 (C.D.Cal.2012) * 3. "Purchasing a product based on misrepresentations or

---

[3] Where the court clearly see the extrinsic evidence as attacking the complaint on its face, the motion to dismiss is considered a facial attack and the presumption the facts alleged are true applies. *Calif. Sportfishing, supra* at 1150-51. Here, it appears Defendant's argument that Plaintiff Czuchaj has not pled an injury-in-fact and was required to submit a warranty claim would be a facial attack because there are no allegations in the FAC that she did submit a claim.
[4] Defs. MTD, p.9:13-18.
[5] *Morrison, supra* at *3; *Safe Air for Everyone, supra* at 1039.

omissions is sufficient injury to confer standing." *Id.* See also *Keilholtz v. Lennox Hearth Prod.,* 268 F.R.D. 330, 335-36 (N.D.Cal.2010). Standing is also conferred where plaintiffs purchased an unsafe product for which they want a refund. *In re Mattel, Inc. Toy Lead Paint Prod. Liab. Litig.,* 588 F.Supp.2d 1111, 1114 (C.D.Cal.2008).

As set forth in Plaintiffs' Opposition to Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and again above, Plaintiff Czuchaj has established that she seeks on behalf of herself and Class Members monetary damages, including damage to property.[6] In addition, Plaintiff submits with this Opposition a declaration from Plaintiff Cynthia Czuchaj stating she did in fact suffer damage to her property as a result of the defective hair dryer.[7] As indicated in the Opposition to the Motion to Dismiss Pursuant to Rule 12(b)(6), if the Court finds these allegations insufficient, Plaintiffs can amend their complaint to include the facts providing more detail regarding the property damage suffered by Ms. Czuchaj. In addition, Plaintiff Czuchaj on behalf of herself and Class Members seek refunds, injunctive and declaratory relief. These allegations show Ms. Czuchaj has alleged an "injury-in-fact". Therefore, Defendant's Motion to Dismiss on these grounds should be denied.

### IV. PLAINTIFF IS NOT REQUIRED TO SUBMIT A WARRANTY CLAIM IN A CASE WITHOUT AN EXPRESS WARRANTY CAUSE OF ACTION

Defendant argues that Ms. Czuchaj does not have a claim or controversy because "[A] dispute would only exist if Conair rejected a warranty claim." Defs. MTD, p. 9:25-26, *see also* "Ripeness" argument, p. 10-11. Again, Conair does not support its contention with any legal authority which is not surprising since the legal authority supports the opposite contention.

---

[6] Pltfs. Opp. To Def. MTD Pursuant to Rule 12(b)(6), pp. 17-18; *see* Sect. I.A above for specific allegations in the FAC.
[7] Dec. of Cynthia Czuchaj ("Czuchaj Dec."), ¶2

The FAC does not contain any allegations Conair breached its express warranty for the hair dryers. Plaintiffs allege a Breach of the Implied Warranty of Merchantability in the Fifth Cause of Action. FAC, pp. 27-28. Plaintiffs also allege a violation of the Magnuson-Moss Warranty Act and the Song-Beverly Act in the Sixth and Seventh Causes of Action, respectively. FAC, pp. 29-31. These claims are all premised on the fact that the hair dryers were not fit for their ordinary purpose, which is to safely dry hair. (breach of implied warranty) FAC, ¶¶104, 113, 121, and 124.

There is no requirement that a consumer provide a manufacturer an opportunity to repair or redress the situation before filing a claim for breach of implied warranty. *Mocek v. Alfa Leisure, Inc.,* 114 Cal.App.4th 402, 405 (2003); *Keegan v. Amer. Honda Motor Co., Inc.,* 838 F.Supp.2d 929, 947 fn. 55. These courts have expressly and directly rejected Defendant's argument that a consumer must first make a reasonable number of attempts to cure the defect. As such, the Declaration of Ms. Fong submitted by Defendant in an attempt to show Plaintiff Czuchaj never submitted a warranty claim is irrelevant. On these grounds, Defendant's Motion should be denied.

### V. CONAIR HAS NOT SUBMITTED ADMISSIBLE EVIDENCE TO SUPPORT DISMISSAL OF PLAINTIFF CZUCHAJ'S CLAIMS ON REDRESSIBILITY GROUNDS

Conair's final argument is that the Court cannot possibly redress Ms. Czuchaj's claims for declaratory and injunctive relief because Conair claims to have fixed the defect. Defs. MTD, pp. 11-12. Defendant does not rely on any legal authority for its argument, but instead relies solely on the Declaration of Wayne Dieterle to support its contention that Conair fixed the defect and the injury cannot be redressed by the Court. Def. MTD, p. 11:26-28.[8] However, a review of the "evidence" submitted by Defendant reveals there is not enough admissible

---

[8] This argument sounds more like one that Plaintiff Czuchaj's claim is moot which is not an appropriate request through a motion to dismiss pursuant to Rule 12(b)(1).

- 8 -

evidence to make such a determination at this time and even if Conair's claims could be adequately shown, Plaintiffs have alleged any efforts by Conair to cure or offer relief to consumers is inadequate. FAC, ¶¶31, 33, 35, and 40.

**A. Declaration of Wayne Dieterle**

Defendant appears to submit this declaration in an attempt to support its contention that Conair has resolved the defect problem.[9] If this evidence were relevant and admissible, it may be related to an affirmative defense that may be raised by Conair to the claim for injunctive and declaratory relief. However, since that defense has not yet been raised by Conair in an Answer, it is entirely irrelevant at this stage.

In addition, the declaration completely lacks foundation for its conclusion that the defect has been resolved. Mr. Dieterle declares that prior to the lawsuit, Conair became aware of consumer complaints, conducted a "robust investigation" and improved the product design to address the issue thereby curing the issue.[10] What Mr. Dieterle does not provide is any indication of when this happened or how he knows the defect was cured. He also does not provide details on what was done to "cure" the defect. The declaration merely provides conclusory, self-serving statements without any foundation for his knowledge or conclusions. *Griffin v. West Bay Properties, Inc.,* 2011 WL 2437493 (C.D.Cal.2011) *2 ["Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must who that the declarant or affiant is competent to testify as to the facts at issue." *See also* Fed.R.Civ.P. 56(e).

Submission of Mr. Dieterle's declaration also shows that Defendant's motion is really requesting the Court resolve the merits of Plaintiff's injunctive and

---

[9] Conair merely recites the contents of the declaration in its motion, but fails to tie it directly to any supplemental argument. Therefore, Plaintiff is surmising this is the issue to which it is intended to be related.
[10] Dieterle Dec., ¶¶7-9.

- 9 -

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

declarative relief claims by submitting it purportedly to show no remedy can be had under that claim.[11]

Even if Mr. Dieterle's statements were admissible, Defendant's argument has been rejected where plaintiff challenges a recall or other cure offered by the manufacture was adequate, covers all class members, provides adequate disclosures and provides a permanent solution. *Overton, supra* at *4 [Court denied motion to dismiss as moot where defendant alleged it had recalled the defective products finding there was not enough information at the pleading stage to determine whether a suitable remedy had been provided]; *see also Postier v. Louisiana-Pacific Corp.,* 2009 WL 3320470 *5 (N.D.Cal.2009). Whether or not such remedies are available is an issue plaintiff must prove at trial and therefore Defendant's Motion to Dismiss should be denied.[12]

## VI. IF ANY OF THE ALLEGATIONS ARE FOUND INSUFFICIENT, THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides "the court should freely give leave [to amend] when justice so requires." The United States Supreme Court requires lower courts to freely grant leave to amend. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). The policy in favor of permitting amendment is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc,* 317 F.3d 1048, 1052 (9th Cir.2003). Therefore, to the extent the Court finds any of Plaintiffs' allegations insufficient, leave to amend is requested.

DATED: March 10, 2014

By: ___s/Katherine J. Odenbreit_____
Katherine J. Odenbreit
ODENBREIT LAW, APC

---

[11] Defs. MTD, p. 11-12.
[12] *Morrison v. Trivita, Inc., supra* at *3 [finding the issue of standing was sufficiently intertwined with the merits of the claim where defendant argued consumer plaintiff had not purchased the product at issue. "Ultimately [plaintiff] must prove injury as a substantive matter." *Id.*]

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

# CERTIFICATE OF SERVICE

I am over the age of eighteen and not a party to the within action.  My business address is 16835 Algonquin Street, Suite 221, Huntington Beach, CA 92649.  I am a principal at that address at the firm of Odenbreit Law, APC.  On the date set forth below, I caused to be served the following document(s) described as PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(1); DECLARATION OF KATHERINE J. ODENBREIT; DECLARATION OF CYNTHIA CZUCHAJ; PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE SUBMITTED IN SUPPORT OF MOTION on all the interested parties in this action as follows:

Ryan Saba
Rosen Saba LLP
468 N. Camden Drive
Beverly Hills, CA 90210
rsaba@rosensaba.com

**[X]   BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM:**  In accordance with the electronic filing procedures of this Court, service has been effectuated on Ryan Saba of Rosen Saba LLP, who is counsel of record for Defendant and a registered participant of the CM/ECF System.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on this 10th day of March, 2014 at Huntington Beach, California.

                                              ____/s/ Katherine J. Odenbreit____
                                                  Katherine J. Odenbreit

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)