FILED

14 APR 17 AM 10:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAIR CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 13-CV-1901-BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>**(2) GRANTING PLAINTIFF'S REQUEST TO AMEND**<br><br>[Docket No. 12] |

Before this Court is a Motion to Dismiss Cynthia L. Czuchaj as a Plaintiff Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), filed by Defendant Conair Corporation (Conair). (Docket No. 12). Conair asserts that Czuchaj lacks standing to sue under Article III of the United States Constitution.

For the reasons stated below, this Court **GRANTS** Plaintiff leave to amend, **DENIES AS MOOT** the Motion to Dismiss on the basis of lack of injury, and **DENIES** the Motion to Dismiss on the basis of lack of redressibility.

## BACKGROUND

The instant lawsuit was commenced on August 15, 2013. A First Amended Complaint (FAC) was filed on December 17, 2013. (Docket No. 9). The FAC lists four Plaintiffs, or "consumer representatives": Cynthia L. Czuchaj, Angelique Mundy,

Barbara McConnell, Patricia Carter (collectively "Plaintiffs"). Plaintiffs, on behalf of themselves and all others similarly situated, seek damages and equitable relief for causes of action arising out of alleged defects with Conair Infiniti Pro 1875 Watt hair dryers ("Hair Dryers"). Each Plaintiff alleges that she purchased a Hair Dryer which malfunctioned by emanating flames or ejecting hot coils while being used for the intended purpose of drying hair. Plaintiffs allege that Conair was aware of the defect, but failed to protect consumers by recalling the product or warning consumers of the danger.

Czuhaj is a California resident who purchased her Hair Dryer from a Sam's Club in California in October 2011. (FAC ¶¶ 4,5). She claims that she recognized Conair as a nationally known brand with a reputation for quality, and purchased this particular model of hair dryer because of Conair's representation that the AC motor is more powerful, provides faster airflow, and lasts up to three times longer than typical DC motor hair dryers. (Id. ¶ 5). She alleges that she used the Hair Dryer to dry her hair every day, or every other day, for approximately ten months. (Id.) On August 14, 2012, while using the Hair Dryer to dry her hair, Plaintiff "was suddenly made aware that flames were emanating from the Hair Dryer." (Id.) The FAC states that Czuchaj

> has been damaged in that she purchased the Hair Dryer and has lost money she spent purchasing the product while being misled about its stated performance on which she relied and while Conair withheld information solely in its possession regarding the potentially dangerous defect in the product.

(Id.)

The named Plaintiffs seeks to represent a "Nationwide Class" consisting of consumers residing in the United States who purchased a Hair Dryer in the four, six and ten years preceding the filing of the Complaint. (Id. ¶ 45). In addition and in the alternative, Czuchaj seeks to bring claims on behalf of a class of California consumers, McConnell seeks to assert claims on behalf of a class of Michigan consumers and a class of Ohio consumers, Mundy seeks to assert claims on behalf of Pennsylvania consumers, and Carter seeks to assert claims on behalf of New York consumers. (Id.

¶¶ 46-50).

Plaintiffs assert fourteen causes of action on behalf of the classes: (1) violations of California Business and Professions Code §§ 17200, *et seq.*; (2) violations of California's Consumer Legal Remedies Act and/or the substantively identical consumer protection statutes of other states; (3) strict products liability — defective design or manufacture; (4) strict products liability — failure to warn; (5) breach of implied warranty; (6) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (7) violations of the Song-Beverly-Warranty Act, California Civil Code §§ 1792, *et seq.*; (8) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; (9) violations of Michigan's strict products liability law; (10) violations of the Michigan Consumer Protection Act; (11) breach of implied warranty in tort; (12) violations of the Ohio Product Liability Act; (13) statutory inadequate warning under Ohio law; and (14) violations of New York General Business Law § 349, Deceptive Acts and Practices.

Conair has filed three Rule 12 Motions in response to the FAC. In addition to the instant Rule 12(b)(1) motion, Conair seeks to dismiss certain claims under Rule 12(b)(6) and to strike certain claims pursuant to Rule 12(f). (Docket Nos. 13, 14). These motions will be addressed by separate orders.

## LEGAL STANDARD

A defendant can move a court to dismiss a plaintiff for lack of constitutional standing pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes motions for lack of subject-matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). Where the moving party brings a factual challenge by presenting affidavits or other evidence

properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.* (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. CONST. art. III; *DaimlerChyrsler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). One element of the case-or-controversy requirement is that the plaintiff establish that he has standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561.

The constitutional minimum of standing has three basic elements. *Id.* at 560. First, the plaintiff must have suffered an "injury in fact" which is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (citations and internal quotation marks omitted). Second, the injury must be fairly traceable to the challenged actions of the defendant, rather than the result of the independent action of a third party. *Id.* Third, it must be "likely," and not merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 561 (citations omitted).

In a class action lawsuit, Article III standing requires that the class representative satisfy standing individually. *Alfi v. Nordstrom, Inc.*, 09-cv-1249, 2010 WL 5093434, at *2 (S.D. Cal. Dec. 8, 2010) (citations omitted).

## DISCUSSION

Conair asserts two separate problems with standing. First, it alleges that Czuchaj lacks standing because she failed to file a warranty claim that might have redressed the only damage she asserted. Second, it argues that the relief sought will not provide redress because Conair has already addressed the problem.

I. The Presence of an Actual Dispute

Conair asserts that Czuchaj does not allege a justiciable dispute. Conair argues that the only injury alleged by Czuchaj is the cost of the hair dryer. (Mot. at 9). Conair points out that Conair's express warranty provides that Conair will repair or replace a

hair dryer that fails, but that Czuchaj never filed a warranty claim. It argues that if Czuchaj had filed the warranty claim, it might have repaired or replaced the hair dryer, alleviating the controversy. It contends that a dispute would only arise if Plaintiff's warranty claim were denied. In a related claim, they contend that Czuchaj's claims are not yet ripe because she has not yet submitted her claim. (*Id.* at 10).

Czuchaj states that she dropped the hair dryer to the ground to avoid serious bodily injury. (Opp'n at 3). She contends that her carpet was "scorched and damaged by the hair dryer when it caught fire." (*Id.*) Czuchaj states that these specific facts were "inadvertently omitted" from the FAC, but that she intends to seek such damages. (*Id.* n.2). She requests that she be given leave to amend the complaint to add these details if the motion to dismiss is granted.

Czuchaj alleges that there are adequate allegations in the FAC to put Defendant on notice of such damages. She points to statements in the causes of action which claim property damage. (*Id.* at 3-4). Three of the statements are part of the class causes of action, brought on behalf of Czuchaj and a class or Plaintiffs and a class, and one is part of the general prayer for damages. (*Id.*) However, these general claims do not allege or give notice that Czuchaj was claiming to have personally suffered property damage.

Czuchaj also contends that she was not required to submit a warranty claim, since she does not allege that Conair breached its express warranty. (*Id.* at 7-8). She states that all of her warranty claims are premised on the fact that the hair dryers were not fit for their ordinary purpose. (*Id.* at 8). Plaintiff contends that she is not required to give Conair a chance to repair or redress the situation before bringing a claim for breach of implied warranty. (*Id.* (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 401, 405 (2003); *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 947 n.55 (C.D. Cal. 2012))). Conair's reply does not provide contrary authority or dispute the significance of the cases cited by Czuchaj, instead arguing that Czuchaj has essentially conceded that she does not have standing and opposing her request to amend. (Reply

at 1-4).

This Court determines that it need not resolve the question of whether Plaintiff was required to file a warranty claim where the only injury alleged is the cost of the hair dryer. Conair's arguments were premised on the fact that Czuchaj alleged no other injuries. Given that Czuchaj has been granted permission to allege additional property damage, this premise no longer applies. To the extent Conair wishes to challenge Czuchaj's ability to seek damages for the loss of the hair dryer where she also alleges other injuries, it may raise that issue with respect to the amended complaint.

## II. Redressibility

Conair argues that Czuchaj does not have standing to assert declaratory and injunctive relief because the requested relief would not provide any redress. (Mot. at 11-12). Plaintiff asks this Court for "[a]n order enjoining Conair from continuing to engage in unlawful and unfair business practices, ordering Defendant to engage in a corrective and warning notice campaign, and requiring Defendant to refund to Plaintiffs and all Class Members funds paid to Defendant for the defective Hair Dryers." (FAC at Prayer (b)). It also seeks "appropriate injunctive relief." (Id. at Prayer (e)).

Conair argues that it has already cured the line cord issue and established a protocol to replace or refund a customer's purchase price of the hair dryer. (Mot. at 12) It therefore argues that any declaratory and injunctive relief would be duplicative of the process that is already in existence and available, and that any order to "correct" the line cord issue would be moot since the issue has already been cured. (Id.)

Czuchaj argues that the evidence Conair offers for its efforts is inadmissible. (Opp'n at 8; Plaintiff's Objection, Docket No. 19). However, Czuchaj also claims that the evidence submitted is not enough to make a determination at this time, and that Plaintiffs have alleged that any efforts by Conair to cure or offer relief has been inadequate. The FAC alleges that the post-lawsuit recall has been inadequate to inform consumers of the potential dangers. (FAC ¶¶ 31, 33).

The Court has reviewed the declaration of Wayne Dieterle, a Conair engineer who conducts product investigations. (Dieterle Decl. ¶ 1). Dieterle states that Czuchaj's hair dryer had damage to the line cord. (*Id.* ¶ 6). He alleges that Conair was aware of a potential line cord issue before this lawsuit began and that it conducted a "robust investigation" into the issue. (*Id.* ¶ 7). He states that "out of an abundance of caution," Conair implemented a process to improve the design to address the issue and that Conair "cured this potential line cord issue" in newly manufactured hair dryers before the initiation of the lawsuit. (*Id.* ¶¶ 8, 9).

Czuchaj has met her burden on redressibility at this stage of the lawsuit. Plaintiff must show that it is "likely" that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. She must support each element "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Id.* at 561.

Review of the complaint reveals that Plaintiffs have alleged sufficient facts as to redressability to survive a facial challenge to Czuchaj's standing. The FAC clearly alleges that the Hair Dryers have a defect and that Conair has not yet adequately addressed the defect.

Conair's motion raises a factual challenge to Czuchaj's claims that adequate steps have not been taken and injunctive relief is warranted. This challenge must fail at this stage of the litigation for two reasons.

First, Conair has failed to make a sufficient factual challenge. Before a party asserting standing has the burden of providing evidence to rebut a factual challenge, the party challenging standing is required to provide evidence. *See St. Clair*, 880 F.2d at 201. The requirement that a party provide such evidence and affidavits necessarily implies that the party at least call into question whether jurisdiction exists. *See id.* Here, the evidence provided by Conair is insufficient. Conair provides only a general declaration that asserts that the line cord problem has been addressed in new hair dryers and a declaration discussing the warranty. These declarations do not establish that

these efforts are adequate, and provide little evidence from which this Court could reach that conclusion. Even if the Court were to accept these brief and conclusory declarations as sufficient evidence that the technical problem has been fixed and some remedy is available, they do not address Plaintiffs' contentions that Conair is engaging in unlawful and unfair business practices, or that a notice and warning campaign is still required. Conair nowhere claims that it is engaging in a campaign to warn consumers who are allegedly in danger, much less that such a campaign is sufficient. Conair also does not sufficiently address the extent to which plaintiffs may be compensated for damages besides the loss of the hair dryer. Plaintiffs' broad claim for injunctive relief seeks relief whose utility is not called into question by the declarations. The Court cannot conclude from this evidence that the problem is actually fixed and Conair's efforts to resolve the issue and compensate consumers have been adequate. Accordingly, Conair has not raised a sufficient factual challenge.

Second, Conair's challenge asks this court to resolve factual disputes about whether Conair's efforts have been adequate. This Court cannot possibly determine whether injunctive or declaratory relief is appropriate unless it examines the sufficiency of the steps already taken. Determining the sufficiency of Conair's response to problems with the Hair Dryer is part of the merits of this case. In order to resolve this question, this Court would need to determine questions such as whether the line cord issue claimed by Plaintiffs has been resolved, and whether Conair has taken sufficient steps to warn consumers who had already purchased the hair dryers. It is apparent that the sufficiency of Conair's response to the problem is a central issue in this lawsuit.

A plaintiff need not prove the merits of their case at this stage of proceedings. *See Cal. Sportfishing Protection Alliance v. All Star Auto Wrecking, Inc.*, 860 F. Supp. 2d 1144, 1152 (E.D. Cal. 2012). A requirement at the pleading stage that a plaintiff provide evidence to show that a defendant's internal efforts to cure a defect are inadequate, triggered only by conclusory claims that the problem has been fixed, would severely impede the ability of any plaintiff to seek injunctive relief. Additionally, in

order to resolve this dispute, this Court would require additional information beyond the affidavits presented at this time. *See Overton v. Bird Brain, Inc.*, No. SACV-11-1054, 2012 WL 909295, at *4 (C.D. Cal. Mar. 15, 2012) (mootness argument premature on motion to dismiss where there was not enough information to determine if claims were mooted by recall). Accordingly, this Court determines that the factual disputes raised by Conair are not appropriate for this Court to resolve at this stage of the litigation.

Conair's request that Czuchaj's claims be dismissed based on lack of redressibility is therefore **DENIED**.[1]

III. Request to Amend Complaint

It is apparent from Czuchaj's Opposition that she seeks to assert additional property damages. Conair was put on clear notice of Czuchaj's request to amend her complaint, and has had the opportunity to oppose her request. (Reply at 1-4).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires," and the Supreme Court has stated that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Id.* Leave should be freely given in the absence of any apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party. . . , futility of amendment, etc." *Id.*

Conair states that Czuchaj's original Complaint failed to allege an injury in fact, that the parties conferred about the Complaint's deficiencies, and that the parties agreed that Czuchaj could file an amended complaint. (*Id.* at 1). Conair argues that Czuchaj again failed to allege an injury in fact in the FAC. (*Id.*) Conair argues that another

---

[1] As this Court finds that Czuchaj has satisfied the redressibility requirements at this stage of proceedings, it need not address her evidentiary objections to the declarations provided by Conair. The Objections are therefore **OVERRULED** at this time. Czuchaj may raise these objections at a later stage if relevant.

amended complaint would be Plaintiff's third attempt to allege a basic element of the claim. (*Id.* at 2) It points out that this litigation has been pending for months and that Plaintiff has known about the property damage since the incident ocurred. (*Id.* at 2-3). Conair points out that, other than a statement they were inadvertently omitted, Czuchaj does not explain why these facts were omitted from both complaints. (*Id.* at 3).

Conair also argues that the fact that Czuchaj only sought to amend her pleading after being faced with a motion to dismiss is evidence of bad faith or dilatory motive. (*Id.*) Conair claims that it would be prejudiced by the amendment. (*Id.*) It points out that the litigation has been pending for nearly eight months and that Conair has had to spend considerable money defending the lawsuit that would not have been necessary if Plaintiff had properly alleged her injuries. (*Id.* at 4). Conair also alleges that amendment would be futile, based upon its arguments about redressibility. (*Id.*)

This Court **GRANTS** Plaintiff leave to amend the complaint to assert additional property damage. This Court cannot conclude on this record that Plaintiff acted in bad faith in omitting the claim. Conair overstates the prejudice it will face if Plaintiff is allowed to amend. There are other plaintiffs in this case, and it is apparent that Conair has other challenges to the complaint that likely would have been litigated even if Plaintiff had alleged her other damages. Amendment also serves the important public policy of allowing this case to be determined on the merits. Finally, Conair has not demonstrated that amendment would be futile.

## CONCLUSION

The Court **GRANTS** Plaintiff's request to amend the complaint. Defendant's Motion to Dismiss based on lack of standing is **DENIED AS MOOT** as to the alleged lack of injury and **DENIED** as to the alleged lack of redressibility.

**IT IS SO ORDERED.**

Dated: April 16, 2014

HON. ROGER T. BENITEZ
United States District Judge