FILED

14 APR 17 AM 10: 52

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAIR CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 13-CV-1901-BEN (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>[Docket No. 13] |

Before this Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), filed by Defendant Conair Corporation (Conair). (Docket No. 13). For the reasons stated below, this Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss.

## BACKGROUND

The instant lawsuit was commenced on August 15, 2013. A First Amended Complaint (FAC) was filed on December 17, 2013. (Docket No. 9). The FAC lists four Plaintiffs, or "consumer representatives": Cynthia L. Czuchaj, Angelique Mundy, Barbara McConnell, Patricia Carter (collectively "Plaintiffs"). Plaintiffs, on behalf of themselves and all others similarly situated, seek damages and equitable relief for causes of action arising out of alleged defects with Conair Infiniti Pro 1875 Watt hair

dryers ("Hair Dryers"). Each Plaintiff alleges that she purchased a Hair Dryer which malfunctioned by emanating flames and/or ejecting hot coils while being used for the intended purpose of drying hair. Plaintiffs allege that Conair was aware of the defect, but failed to protect consumers by recalling the product or warning consumers of the danger.

The named Plaintiffs seeks to represent a "Nationwide Class" consisting of consumers residing in the United States who purchased a Hair Dryer in the four, six and ten years preceding the filing of the Complaint. (*Id.* ¶ 45). In addition and in the alternative, Czuchaj seeks to bring claims on behalf of a class of California consumers, McConnell seeks to assert claims on behalf of a class of Michigan consumers and a class of Ohio consumers, Mundy seeks to assert claims on behalf of Pennsylvania consumers, and Carter seeks to assert claims on behalf of New York consumers. (*Id.* ¶¶ 46-50).

Plaintiffs assert fourteen causes of action on behalf of the classes: (1) violations of California Business and Professions Code §§ 17200, *et seq.*; (2) violations of California's Consumer Legal Remedies Act and/or the substantively identical consumer protection statutes of other states; (3) strict products liability — defective design or manufacture; (4) strict products liability — failure to warn; (5) breach of implied warranty; (6) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (7) violations of the Song-Beverly-Warranty Act, California Civil Code §§ 1792, *et seq.*; (8) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; (9) violations of Michigan's strict products liability law; (10) violations of the Michigan Consumer Protection Act; (11) breach of implied warranty in tort; (12) violations of the Ohio Product Liability Act; (13) statutory inadequate warning under Ohio law; and (14) violations of New York General Business Law § 349, Deceptive Acts and Practices.

Conair has filed three Rule 12 Motions in response to the FAC. In addition to the instant Rule 12(b)(6) motion, Conair seeks to dismiss certain claims under Rule

1  12(b)(1) and to strike certain claims pursuant to Rule 12(f). (Docket Nos. 12, 14).
2  These motions will be addressed by separate orders.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court may grant a motion to dismiss if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

Additionally, certain claims must be alleged with greater detail in order to meet a higher pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Ninth Circuit applies the Rule 9(b) pleading standard to claims that are "grounded" in or "sound" in fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

*Id.*

## DISCUSSION

I. Sufficiency of Claims Asserting Consumer Protection Statutes

Conair argues that Plaintiffs' claims under the consumer protections statutes alleged in causes of action one, two, eight, ten, and fourteen must be dismissed for

failure to comply with Rule 9 pleading requirements. (Mot. at 4). It asserts that the statues are "rooted in theories of fraudulent concealment and fraudulent misrepresentation and therefore must satisfy Rule 9(b)'s heightened pleading requirements." (*Id.*) Conair asserts that the causes of action are not pled with sufficient particularity to satisfy the Rule.

### A. Fraudulent Misrepresentations

Conair first argues that fraudulent misrepresentation allegations are not pled with sufficient particularity under Rule 9(b). (Mot. at 5). Plaintiffs contend that their claims are subject to a lower pleading standard because they are not alleging omissions, rather than affirmative misrepresentations.[1] Plaintiffs also state that if this Court finds that the statement Conair cites in paragraph 39 of the FAC alleges an affirmative misrepresentation, then it "can" remove the statement in a pleading. (Opp'n at 4 n.7). Paragraph 39 asserts that "Defendant falsely advertises and misrepresents the characteristics, benefits, grade, quality and/or standard of the hair dryer . . ." (FAC ¶ 39). This paragraph clearly accuses Defendant of making misrepresentations. As Plaintiffs have indicated that they do not wish to allege affirmative misrepresentations, and Plaintiffs have indicated a willingness to remove the statement, this Court **GRANTS** the Motion to Dismiss as to claims of fraudulent misrepresentation and **DISMISSES WITHOUT PREJUDICE** the claims based on an affirmative misrepresentation, Plaintiffs have leave to file an amended complaint which omits the statement in question in FAC paragraph 39. As Plaintiffs do not seek to allege an affirmative misrepresentation and are willing to remove the statement, this Court finds it unnecessary to determine the pleading standard that should apply.

### B. Concealment Allegations

Conair also contends that claims of fraudulent concealment must satisfy Rule 9(b)'s heightened pleading requirements. (Mot. at 4). The Ninth Circuit has held that

---

[1] Plaintiffs are generally reminded that Rule 9 is a federal pleading requirement, and it is therefore irrelevant to this Court's examination of the sufficiency of pleadings if California state courts do not apply Rule 9 standards.

Rule 9(b)'s requirement that allegations of fraud be pleaded with particularity applies to claims made in federal court under the CLRA and UCL. *Kearns v. Ford Motor. Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Furthermore, "[b]ecause the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)." *Id.*

The only deficiency in the concealment allegations raised by Conair is a purported failure to "plead a duty to disclose under the UCL and CLRA." (Mot. at 5). Conair states that the obligation to disclose only arises in four circumstances, and that none of these circumstances exist in this lawsuit. (*Id.* at 5-6). Plaintiffs argue that the FAC adequately pleads the basis for the duty to disclose. (*Id.*) Plaintiffs agree that the duty arises in only four circumstances, but assert that two of the four circumstances are present in this case. Specifically, they contend that a duty to disclose is triggered because: (1) Conair had exclusive knowledge of material facts not known to the Plaintiffs; and (2) Conair actively concealed a material fact from the Plaintiffs. *See* (Opp'n at 6); *In re Sony Vaio Computer Notebook Trackpad Litig.*, 09-cv-2109-BEN (RBB), 2010 WL 4262191, at *5 (S.D. Cal. Oct. 28, 2010) (citation omitted). The Court finds that Plaintiffs have not alleged the circumstances required to trigger a duty to disclose under California law.

### i. Exclusive Knowledge

Conair asserts that Plaintiffs cannot successfully allege that Conair had exclusive knowledge of the defect because the FAC claims that consumers had been posting about the problem on consumer websites. (Mot. at 6). The FAC alleges:

> From at least 2009 to as recent as May 2013, consumers nationwide have posted complaints of the same problem with this Hair Dryer on various consumer websites, including, but not limited to, consumeraffairs.com. Consumers consistently reported the Hair Dryer sparking and catching fire during normal use and sometimes even when the Hair Dryer was turned off. The complaints also reflect early and continued manifestation of the defect and Conair's refusal to recall the product or even to publicly warn consumers of the danger. . .

(FAC ¶ 28). The FAC then lists "samples" of the complaints. (*Id.*)

Conair contends that "a defendant has exclusive knowledge giving rise to a duty to disclose when 'according to the complaint, [defendant] knew of the defect while plaintiffs did not, and, given the nature of the defect, it was difficult to discover.'" (Mot. at 6 (quoting *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 256 (2011)) (other citations omitted)). Conair states that Plaintiffs have not alleged facts showing that Conair had exclusive knowledge of the concealed facts, and that Plaintiffs could not have reasonably discovered these facts. (*Id.*)

Plaintiffs argue that Conair was required to disclose the defect because the defect was a material fact within its exclusive knowledge. (Opp'n at 7). It first argues that the defect was a "material fact," as the defect caused safety concerns and unreasonable risk of serious injury, and plaintiffs and consumers would not have purchased the product if they had known of the defect. (*Id.* at 6-7). Plaintiffs then contend that in pleading an omission, rather than an affirmative representation, it is impossible to infer what the defendant knew at the time from silence. (*Id.* at 7). Plaintiffs argue that they need plead only "facts raising a plausible inference" that Conair "knew, or by the exercise of reasonable care should have known, of the defect." (*Id.* (quoting *Kowalsky v. Hewlett-Packard*, 771 F. Supp. 2d 1156, 1162 (N.D. Cal. 2011)). Plaintiffs claim that knowledge can be inferred from consumer complaints found on third-party forums and sent to Defendant. (*Id.*) They contend that the complaints posted on public websites and sent to government agencies are enough to show knowledge. (*Id.*) Plaintiffs state that they have "proposed to file a Second Amended Complaint setting forth in more detail the sources of information exclusively at Defendant's disposal that impart knowledge." (Opp'n at 8 n.16).

Exclusivity is not applied with rigidity, and is analyzed in part by determining whether the defendant has "superior" knowledge of the defect. *Johnson v. Harley-Davidson Motor Co. Grp., LLC*, 285 F.R.D. 573, 583 (E.D. Cal. 2012). Courts have persuasively found that exclusive knowledge is not automatically defeated by the presence of information online. In *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088,

1096 (N.D. Cal. 2007), a district court found that a claim was sufficiently pled where plaintiff alleged a record of complaints to the manufacturer that showed that GM was "clearly aware" of the problem, and that "customers only became aware of the problem if they actually experienced it first-hand." The *Falk* court found that GM was in a "superior position to know" that the speedometers might fail. *Id.* at 1096-97. This was true despite the fact that prospective purchasers could have read the complaints online, and that some may have done so. *Id.* at 1097. The court found that GM was alleged "to have *known* a lot more" about the defect, "including information unavailable to the public." *Id.* The court concluded that many consumers would not perform an internet search before a car search, and that they were not required to do so. *Id.*; *see also Elias v. Hewlett-Packard Co.*, No. 12-cv-421, 2014 WL 493034, at *9 (N.D. Cal. Feb. 5, 2014) (customers cannot be expected to seek facts which they have no way of knowing exist) (citations omitted). However, at least one court has dismissed claims based on the defendant's "exclusive knowledge" where the plaintiffs failed to allege that the defendant had any information that was unavailable to the public. *Wolph v. Acer Am. Corp.*, No. C 09-1314, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009) (emphasizing that in *Falk*, the defendant knew a lot more about the defective product, including information unavailable to the public).

Conair challenges Plaintiffs' allegation of exclusive knowledge on the basis that Plaintiffs have not demonstrated exclusivity, but does not appear to challenge the sufficiency of the allegation that Conair knew of the defect. Plaintiffs argue that they have sufficiently alleged that the defect is material and that Conair had knowledge. However, Plaintiffs do not clearly argue that this knowledge is sufficiently "exclusive" and propose to file an amended complaint regarding Conair's exclusive knowledge. Plaintiffs did not allege that Conair knew a lot more about the defect or had information unavailable to the public. Accordingly, this Court determines that Plaintiffs have not sufficiently alleged the exclusivity of Conair's knowledge. To the extent Plaintiffs assert claims based on a duty to disclose stemming from exclusive

knowledge, this Court **GRANTS** the Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** those claims. Plaintiffs have leave to amend the complaint to allege that Conair's knowledge was exclusive.

### ii. Active Concealment

Conair contends that Plaintiffs have failed to sufficiently allege specific, affirmative acts of concealment, which it claims are required to assert a duty to disclose based on active concealment. (Mot. at 6-7). The contend that the only active concealment allegation in the FAC is a conclusory allegation that: "Defendant has been aware of this defect, yet actively concealed such defect from Plaintiff and consumers by failing to recall the product until after this action was filed, place warnings on packaging, user guides or prominently on their website, or take any other such action to meaningfully notify consumers of the possible serious injury that could result in using the product." (*Id.* at 7 (quoting FAC ¶ 40)). Conair asserts that the FAC fails to allege "specific facts" that demonstrate that Conair actively tried to conceal the fact that the hair dryers allegedly spark and catch fire. (*Id.*)

Plaintiffs assert that Conair misstates the test for active concealment allegations. (Opp'n at 9). They contend that they are not required to allege specific, affirmative actions. (*Id.*) Instead, they contend that they must plead that defendant: (1) concealed a material fact; (2) was under a duty to disclose the fact to plaintiffs; (3) intentionally concealed or suppressed the fact; (4) plaintiffs were unaware of the fact and would not have acted as they did if they had known of the concealed or suppressed fact; and (5) sustained damage as a result. (*Id.* (citing *Elias v. Hewlett-Packard Co.*, No. 12-cv-421, 2014 WL 493034, at *9 (N.D. Cal. Feb. 5, 2014); *Falk*, 496 F. Supp. 2d at 1097)). They assert that the only factor left to resolve concerns the intentional concealment or suppression of the material fact. (*Id.*)

Plaintiffs state that active concealment is sufficiently alleged where the defendant "knew of the defect and did nothing to alert customers to its existence." (*Id.* (citations omitted)). They state that a failure to notify customers or affect an adequate

recall in the face of complaints "evinces intent to conceal." (*Id.* (citations omitted)). They point to allegations in the FAC that Conair knew about the defects through customer complaints, but did nothing to notify the consumers still using the defective products of the unreasonable safety risk. (*Id.* at 10 (citing FAC ¶¶ 26, 27-31, 33-34, 40-41, 82)). They also point to allegations that Conair continues to conceal information by failing to prominently post notice on its website and failing to permit customer service representatives to disclose the pervasive nature of the defect. (*Id.* (citing FAC ¶ 42)).

Mere nondisclosure does not constitute active concealment. *See, e.g., Herron v. Best Buy Co., Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. Feb. 14, 2013) (citations omitted); *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734-35 (1st Dist. 1963). Under California law, active concealment requires that the party take "affirmative acts . . . in hiding, concealing, or covering up the matters complained of." *Lingsch*, 213 Cal. App. 2d at 734. A conclusory allegation that a defendant "actively concealed facts" is insufficient. *Herron*, 924 F. Supp. 2d at 1176. However, courts have found allegations sufficient where plaintiffs contended that defective products were replaced with other defective products. *See, e.g., Johnson v. Harley-Davidson Motor Co. Grp., LLC*, No. 10-cv-2443, 2011 WL 3163303, at *5 (E.D. Cal. July 22, 2011). Review of the caselaw cited by the parties indicates that none addresses the Rule 9(b) requirements in a similar factual situation involving California state law claims.

The Court concludes that Plaintiffs have not alleged sufficient facts to plead active concealment under California law. Their allegations amount to the fact that Conair "actively concealed facts" because it possessed knowledge and did not act. This does not provide any specific allegations regarding *affirmative acts*. If this court could infer affirmative acts from mere knowledge and inaction, then active concealment would be reduced to a weakened form of exclusive knowledge.

To the extent Plaintiffs assert claims one and two based on active concealment, the Motion to Dismiss is **GRANTED** and the claims are **DISMISSED WITHOUT**

**PREJUDICE**. Plaintiffs are given leave to amend the complaint.

### C. Other State Laws

Conair indicated in its introduction that it sought dismissal of claims eight, ten, and fourteen for failure to meet the pleading requirements of Rule 9. (Mot. at 1). These claims are based on Pennsylvania, Michigan, and New York law. Conair failed to clearly state on what basis this Court should find that these claims do not meet Rule 9 pleading requirements for active concealment. Conair's arguments concerning active concealment discussed the requirements for alleging a duty to disclose in California. To the extent Conair sought to dismiss claims eight, ten, and fourteen based on a failure to properly allege a duty to disclose, the Motion is **DENIED**.

### D. Other UCL Claims

Plaintiffs assert in their Opposition that they are asserting UCL claims which are not based in fraud and are not subject to Rule 9 pleading requirements. (Opp'n at 10-12). Specifically, Plaintiffs contend that they can assert claims under the UCL's "unlawful" prong based on a predicate violations of the CLRA, Song-Beverly Act, Magnuson-Moss Warranty Act, or other statutes. (*Id.* at 11). They further argue that the "unfair" prong is satisfied by the fact that Conair sells hair dryers with a propensity to catch fire and risk serious injury, regardless of any omissions made. (*Id.*)

Conair does not respond to this argument in its reply brief. As discussed above, to the extent Plaintiffs' UCL claims are based on a failure to disclose, Plaintiffs have not sufficiently alleged a duty to disclose under California law. However, to the extent Plaintiffs' claims are not based upon Conair's failure to disclose, the motion is **DENIED**.

### E. New Arguments

In their Reply brief, Conair argues that Plaintiffs failed to distinguish between two different kinds of defects in the Hair Dryer. (Reply at 4). This argument does not appear in Defendant's Motion to Dismiss, and is not properly raised in a reply brief. A "district court need not consider arguments raised for the first time in a reply brief."

*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The argument will therefore not be considered.

## II. Application of California Law to Mundy, McConnell, and Carter

Conair argues that California law cannot be applied to Plaintiffs Mundy, McConnell, or Carter because they are not California residents, did not purchase the product in California, were not injured in California, and do not have any connection to California. (Mot. at 8).

### A. Applying CLRA Outside California

Conair first argues that the second cause of action, claiming violations of the CLRA, must be dismissed as to the non-California Plaintiffs because the CLRA cannot be applied outside of California.

The California Supreme Court has stated that: "However far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (citation and internal quotation marks omitted) (alternation in original).

However, California law may be applied to a nationwide class in certain circumstances. Due process requires that California law can only be applied to the claims of nonresidents if California has a "significant contact or significant aggregation of contacts to the claims asserted by each member of the plaintiff class, contacts creating state interests, in order to ensure that the choice of the forum state's law is not arbitrary or unfair." *Keilholtz v. Lennox Hearth Prod. Inc.*, 268 F.R.D. 330, 339 (N.D. Cal. 2010) (quoting *Phillips Petroleum, Co. v. Shutts*, 472 U.S. 797, 821-22) (internal quotation marks omitted). "California law may only be used on a classwide basis if 'the interests of other states are not found to outweigh California's interest in having its law applied.'" *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012) (reviewing choice of law analysis conducted at class certification stage).

Conair cites to no authority stating that a CLRA case can never be brought in a nationwide class action lawsuit. As California law may, under appropriate circumstances, be appropriate to apply to foreign plaintiffs, this Court will not dismiss the cause of action as to foreign plaintiffs based solely on the fact that the complaint seeks relief under a California law. The Motion to Dismiss the second cause of action is therefore **DENIED**.

### B. Choice of Law

Conair also argues that California choice of law rules dictate that California law should not be applied to the non-California plaintiffs. (Mot. at 9). It argues that it is therefore improper for the foreign Plaintiffs to allege general California common law torts, as in the Third, Fourth, and Fifth Causes of Action. (*Id.* at 10).

Plaintiffs contend that this request is premature and should be determined at certification. (Opp'n at 12). They argue that district courts "frequently face alleged nationwide class actions originating in California and asserting claims under California law on behalf of individuals outside of the state." (*Id.* at 13). They claim that a "consensus" of California district courts and the Ninth Circuit is that a court cannot rule on whether California law can apply to plaintiffs and putative class members at pleading, and "must wait until the class certification issue is properly before the Court." (*Id.*) They assert that this is required because this decision requires a detailed choice-of-law analysis regarding how other states' consumer protection laws would apply and whether there is a severe conflict between California and foreign law such that California law cannot be applied. (*Id.* (citations omitted)). They claim that this determination requires a detailed analysis that requires a fact-heavy inquiry that should be undertaken after discovery and with a more developed record. (*Id.* at 14).

### i. California Choice of Law Analysis

A federal court sitting in diversity applies the choice of law rules of the forum state to determine controlling substantive law. *Mazza*, 666 F.3d at 589 (citation omitted). This Court therefore applies California choice of law rules. Under

California's choice of law rules, a class action proponent has the initial burden to show that California has the "significant contact or significant aggregation of contacts" to the claims of each class member. *Id.* (citing *Wash. Mut. Bank v. Super. Ct.*, 24 Cal. 4th 906, 921 (2001)). The burden then shifts to the other side to show that "foreign law, rather than California law, should apply to class claims." *Id.* (citing *Wash. Mut. Bank*, 24 Cal. 4th at 921). California law may only be used on a classwide basis if "the interests of other states are not found to outweigh California's interest in having its law applied." *Id.* (quoting *Wash Mut. Bank*, 24 Cal. 4th at 921).

In California, courts apply the "governmental interest test" to determine whether the interests of other states outweigh those of California. *Id.* First, a court determines if the relevant law of each potentially-affected jurisdiction with regard to the particular issue is the same or different. *McCann v. Foster Wheeler, LLC*, 48 Cal. 4th 68, 81-82 (2010). Second, if they are different, the court must examine each jurisdiction's interest in the application of its own law "under the circumstances of the particular case to determine whether a true conflict exists." *Id.* If the court finds a "true conflict," it "carefully evaluates and compares" the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied. *Id.*

### ii. Choice of Law Analysis at the Motion to Dismiss Stage

The question of whether a choice-of-law analysis can be properly conducted at the motion to dismiss stage depends on the individual case. *Hamby v. Ohio Nat'l Life Assur. Corp.*, No. 12-122, 2012 WL 2568149, at *2 (D. Haw. June 29, 2012) ("Some courts have, under certain circumstances, declined to conduct choice of law analyses when deciding motions to dismiss . . . But courts need not wait for discovery before conducting choice of law analysis where the pleadings, construed in plaintiff's favor, contain all necessary facts.").

Courts have denied motions to dismiss nationwide class claims based on California consumer protection statutes based on the need to conduct a case-specific choice of law analysis. *E.g., Bruton v. Gerber Prod. Co.*, No. 12-cv-2412, 2014 WL 172111, at *13 (N.D. Cal. Jan. 15, 2014) (citations omitted) (denying foreign company's motion to dismiss nationwide class claims where plaintiffs asserted California consumer protection statutes on behalf of foreign class members who made out-of-state purchases of products); *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355, 2013 WL 1632697, at *21 (N.D. Cal. Apr. 16, 2013) ("Such an inquiry is most appropriate at the class certification stage of the case, after the parties have engaged in discovery.").

It may well be that Plaintiffs will not be able to certify a nationwide class. Conair points to the Ninth Circuit's decision in *Mazza*, in which it held that "[u]nder the facts and circumstances of this case," each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place. 666 F.3d at 594. However, the limited holding and the analysis conducted by the Ninth Circuit indicate that this Court must conduct a thorough choice of law analysis before determining if the same conclusion is warranted in the instant case.

After reviewing the complaint and the briefing in this matter, this Court finds that the choice of law determination is premature. Conair offers a single page of analysis of the choice of law issue in its motion to dismiss. (Docket No. 13, at 10). Conair briefly notes differences in the statutes of limitations and the definition of a "defect." Additional, general discussion of the choice of law issue was briefly included in the Motion to Strike. (Docket No. 14). After evaluating all of the briefing, the Court determines that it has insufficient briefing to engage in a careful analysis of the differences between the various bodies of law or the interests of the different states. This Court therefore does not have the necessary facts and briefing it requires to make a proper determination at this time. The Court therefore **DENIES** the Motion to

Dismiss as to the foreign plaintiffs.[2] The parties may raise this argument again at an appropriate time.

III. Economic Loss

Conair argues that Czuchaj's product liability claims must be dismissed because a plaintiff can only recover in tort for a product defect when a product defect causes damage to property other than the product itself. (Mot. at 11 (quoting *Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 483 (2002))). In its Order on Conair's Rule 12(b)(1) motion, this Court has given Czuchaj leave to amend the complaint to assert additional property damage. This aspect of the motion to dismiss is therefore **DENIED AS MOOT**.

## CONCLUSION

The Court therefore **GRANTS** the Motion to Dismiss the fraudulent misrepresentation claims in claims one, two, eight, ten, and fourteen. The Court **GRANTS** the Motion to Dismiss the concealment claims in claims one and two. The Court **DENIES** the Motion to Dismiss as to the concealment claims in claims eight, ten, and fourteen. The Court **DENIES** the Motion to Dismiss claims two, three, four, and five based on application of California law to foreign plaintiffs. The Court **DENIES AS MOOT** the Motion to Dismiss claims by Czuchaj based on the economic loss rule.

**IT IS SO ORDERED.**

Dated: April 6, 2014

HON. ROGER T. BENITEZ
United States District Judge

---

[2] As this Court did not conduct a choice-of-law analysis, it did not rely on Docket No. 21-1. Conair's Objection to the document is therefore **DENIED AS MOOT**. (Docket No. 27).