FILED

14 APR 17 AM 10: 52

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAIR CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 13-CV-1901-BEN (RBB)<br><br>**ORDER DENYING MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**<br><br>[Docket No. 14] |

Before this Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure, Rule 12(f), filed by Defendant Conair Corporation (Conair). (Docket No. 13). For the reasons stated below, this Court **DENIES** the Motion to Strike.

**BACKGROUND**

The instant lawsuit was commenced on August 15, 2013. A First Amended Complaint (FAC) was filed on December 17, 2013. (Docket No. 9). The FAC lists four Plaintiffs, or "consumer representatives": Cynthia L. Czuchaj, Angelique Mundy, Barbara McConnell, Patricia Carter (collectively "Plaintiffs"). Plaintiffs, on behalf of themselves and all others similarly situated, seek damages and equitable relief for causes of action arising out of alleged defects with Conair Infiniti Pro 1875 Watt hair dryers ("Hair Dryers"). Each Plaintiff alleges that she purchased a Hair Dryer which

malfunctioned by emanating flames and/or ejecting hot coils while being used for the intended purpose of drying hair. Plaintiffs allege that Conair was aware of the defect, but failed to protect consumers by recalling the product or warning consumers of the danger.

The named Plaintiffs seeks to represent a "Nationwide Class" consisting of consumers residing in the United States who purchased a Hair Dryer in the four, six and ten years preceding the filing of the Complaint. (*Id.* ¶ 45). In addition and in the alternative, Czuchaj seeks to bring claims on behalf of a class of California consumers, McConnell seeks to assert claims on behalf of a class of Michigan consumers and a class of Ohio consumers, Mundy seeks to assert claims on behalf of Pennsylvania consumers, and Carter seeks to assert claims on behalf of New York consumers. (*Id.* ¶¶ 46-50).

Plaintiffs assert fourteen causes of action on behalf of the classes: (1) violations of California Business and Professions Code §§ 17200, *et seq.*; (2) violations of California's Consumer Legal Remedies Act and/or the substantively identical consumer protection statutes of other states; (3) strict products liability — defective design or manufacture; (4) strict products liability — failure to warn; (5) breach of implied warranty; (6) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (7) violations of the Song-Beverly-Warranty Act, California Civil Code §§ 1792, *et seq.*; (8) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; (9) violations of Michigan's strict products liability law; (10) violations of the Michigan Consumer Protection Act; (11) breach of implied warranty in tort; (12) violations of the Ohio Product Liability Act; (13) statutory inadequate warning under Ohio law; and (14) violations of New York General Business Law § 349, Deceptive Acts and Practices.

Conair has filed three Rule 12 Motions in response to the FAC. In addition to the instant motion to strike under Rule 12(f), Conair seeks to dismiss certain claims under Rule 12(b)(1) and Rule 12(b)(6). (Docket Nos. 12, 13). These motions will be

- 2 -

13cv1901

addressed by separate orders.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" means that the matter has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994). "Impertinent" matter includes statements that do not pertain, and are not necessary, to the issues in question. *Id.* "Scandalous" matter includes allegations that cast a cruelly derogatory light on a party or other person. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In ruling upon a motion to strike, a court must view the pleadings in a light most favorable to the nonmoving party. *In re 2TheMart.com*, 114 F. Supp. 2d at 965. Motions to strike are not favored, and will not be granted unless the "matter to be stricken could have no possible bearing on the subject matter of the litigation." *Chan v. Chancelor*, No. 09-cv-1839, 2011 WL 592528 1, at *2 (S.D. Cal. 2011) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

## DISCUSSION

### I. Plaintiffs' Standing to Assert a Nationwide Class Action

Conair asks this Court to strike the nationwide class allegations for the first and second causes of action, which allege California consumer protection statutes. Plaintiff contends that a nationwide class action cannot properly be certified if the class could include individuals who do not reside in California, did not purchase the product in California, and who were not injured in California. They cite to *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), for the notion that "nationwide classes

based on California law are not proper and should be denied." (Mot. at 3). At the outset, the Court notes that *Mazza*'s holding is not as broad as Conair asserts. *Mazza* addressed the propriety of certifying a class based on the specific facts before it. *See Mazza*, 666 F.3d at 594 (concluding after reviewing the district court's detailed analysis that: "Under the facts and circumstances of this case, we hold that each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."). Although many of the arguments in *Mazza* may apply to the case at hand, the limited holding in *Mazza* does not compel this Court to deny certification without undertaking the detailed choice of law analysis that the Court found appropriate in *Mazza*. Conair's conclusory statements that this case "involves application of the similar consumer protection statutes" are insufficient for this Court to determine that the same result is required.

As discussed in this Court's Order on Conair's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), determination of the choice of law issue is premature at this stage of litigation, given the state of the record. Plaintiff's motion to strike the nationwide class depends upon the outcome of this choice of law analysis. This Court has taken into full account the additional arguments made in the Motion to Strike and determines that a resolution of this question is premature as to the instant motion. The Motion to Strike is therefore **DENIED** as to the nationwide classes for California consumer statutes.[1]

II. Magnuson-Moss Warranty Act (MMWA) Class Action

Conair asks this court to strike the nationwide class action for the MMWA claim. Where a defendant is alleged to have violated the MMWA only because of the breach of warranties under state law, the "federal claims hinge on the state law warranty claims" and the "disposition of the state law warranty claims determines its disposition of the [MMWA] claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3

---

[1] As this Court did not conduct a choice-of-law analysis, it did not rely on Docket No. 22-1. Conair's Objection to the document is therefore **DENIED AS MOOT**. (Docket No. 26).

(9th Cir. 2008) (citation omitted). Conair contends that the MMWA cause of action is based upon state law warranty claims. (Mot. at 12). They argue that if a nationwide class action is not permissible for the state law claims, then a nationwide class action should not be permissible for the MMWA claim. Conair cites no other basis for striking the class action allegations in this claim. As this Court has determined that it is premature at this time to determine whether a nationwide class is proper for California state law claims, it is therefore premature to determine whether a nationwide class may be brought for the MMWA claim. The Motion to Strike is therefore **DENIED** as to the request to strike the nationwide class for the MMWA claim.

### III. Punitive Damages

Conair also asks this Court to strike the request for punitive damages. In support of its request, Conair's Motion merely offers a conclusory statement that there are no paragraphs in the pleading to support the request. (Mot. at 12). It claims that leaving this request in the pleading prejudices Conair because Plaintiffs could be entitled to discovery. (*Id.* at 13). In the reply brief, Conair contends that Plaintiffs do not allege that the conduct was the result of "malice, fraud, or oppression," and that although the FAC mentions fraudulent and deceitful conduct, the FAC contains no facts supporting these allegations. (Reply at 6). Plaintiffs contend that the request for punitive damages is based upon a CLRA provision that allows for punitive damages. (Opp'n at 17 (citing CAL. CIVIL CODE § 1780(a))).

Conair fails to cite authority supporting its argument that this Court may grant a motion to strike a claim for punitive damages based on the sufficiency of Plaintiff's allegations. Conair's citation to *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), does not support this proposition. Rather, the *Whittlestone* court found that district courts are not authorized by Rule 12(f) to strike claims for damages on the grounds that they are precluded by law. *Id.* at 976; *see also Won Kyung Hwang*, 2013 WL 1632697, at *22 (denying motion to strike punitive damages based on failure to allege specific facts). The Motion to Strike is therefore **DENIED** as to the allegations

of punitive damages. This Court will not convert the motion to strike into a motion to dismiss without allowing Plaintiffs an opportunity to file briefing addressing the issue under the appropriate standard. Additionally, Plaintiffs' FAC appears to allege fraudulent conduct, and Conair has not cited authority establishing that the specific allegations are insufficient to plead punitive damages.

## CONCLUSION

Based on the foregoing, Conair's Motion to Strike is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 16, 2014

HON. ROGER T. BENITEZ
United States District Judge