1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  CYNTHIA L. CZUCHAJ, a          )   Civil No. 13cv1901 BEN(RBB)
    California resident,           )
12  individually and on behalf of  )   CASE MANAGEMENT CONFERENCE
    herself and all others         )   ORDER REGULATING DISCOVERY AND
13  similarly situated; ANGELIQUE   )   OTHER PRETRIAL PROCEEDINGS
    MUNDY, a Pennsylvania resident,)   (Rule 16, Fed.R.Civ.P.) (Local
14  individually and on behalf of  )   Rule 1)
    herself and all others         )
15  similarly situated; BARBARA    )
    MCCONNELL, a Michigan resident,)
16  individually and on behalf of  )
    herself and all others similar )
17  situated; PATRICIA CARTER, a   )
    New York resident, individually)
18  and on behalf of herself and   )
    all others similarly situated, )
19                                 )
                      Plaintiffs,  )
20                                 )
    v.                             )
21                                 )
    CONAIR CORPORATION, a Delaware )
22  corporation; DOES 1-10,        )
    inclusive,                     )
23                                 )
                      Defendants.  )
24  _____)

25      Pursuant to rule 16 of the Federal Rules of Civil Procedure, a

26  case management conference was held on January 16, 2015.  After

27  consulting with the attorneys of record for the parties and being

28  advised of the status of the case, and good cause appearing,

                                  1
                                                    13cv1901 BEN(RBB)

IT IS HEREBY ORDERED:

1.  All discovery shall be completed by all parties on or before November 16, 2015; this includes discovery ordered as a result of a discovery motion.  All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  The 30-day deadline will not be extended without a prior Court order; counsel cannot unilaterally extend the deadline.  For example, ongoing meet-and-confer efforts, rolling document productions, or supplemental discovery responses do not extend the deadline.  **A failure to comply will bar the party from filing a corresponding discovery motion**.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories, requests for admission, and document production requests must be served by September 14, 2015.

2.  Plaintiff(s) shall serve on all other parties a list of expert witnesses whom Plaintiff(s) expect(s) to call at trial by September 14, 2015.  Defendant(s) shall serve on Plaintiff(s) a list of expert witnesses Defendant(s) expect(s) to call at trial by October 13, 2015.  Each party may supplement its designation in response to the other party's designation no later than October 26, 2015.  The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The designation(s) shall comply with rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written

report prepared and signed by each witness, including in-house or other witnesses providing expert testimony.  The failure to fully comply with these requirements may result in the exclusion of expert testimony.  A written report is not required from a witness giving testimony as a percipient expert.

3.   Any motion to join other parties, to amend the pleadings or to file additional pleadings shall be filed and heard on or before <u>August 17, 2015</u>.

Any motion for class action certification is to be filed and served by <u>July 13, 2015</u>.

4.   All other pretrial motions must be filed on or before <u>December 18, 2015</u>.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly</u>.**  For example, you should contact the judge's law clerk in advance of the motion cutoff to calendar the motion.  Failure to timely request a motion date may result in the motion not being heard.

Questions regarding this case should be directed to the judge's law clerk.  The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>.  Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply

13cv1901 BEN(RBB)

1   memorandum shall exceed ten (10) pages without leave of the judge
2   who will hear the motion.

3          5.    A telephonic attorneys-only settlement conference shall
4   be held on <u>July 23, 2015, at 8:30 a.m.</u>  Counsel for Plaintiff is to
5   initiate the call.  Further settlement conferences shall be held at
6   appropriate intervals during the course of the litigation before
7   Judge Ruben B. Brooks, Courtroom 2C.  A mandatory settlement
8   conference date will be set at one of the scheduled settlement
9   conferences.

10         All parties, claims adjusters for insured Defendants and non-
11  lawyer representatives with complete authority to enter into a
12  binding settlement, as well as the principal attorneys responsible
13  for the litigation, must be present and legally and factually
14  prepared to discuss and resolve the case at the mandatory
15  settlement conference and at all settlement conferences.  Retained
16  outside corporate counsel shall not appear on behalf of a
17  corporation as the party representative who has the authority to
18  negotiate and enter into a settlement.  Failure to attend or obtain
19  proper excuse will be considered grounds for sanctions.

20         If Plaintiff is incarcerated in a penal institution or other
21  facility, the Plaintiff's presence is not required at conferences
22  before Judge Brooks, and the Plaintiff may participate by
23  telephone.  In that case, defense counsel is to coordinate the
24  Plaintiff's appearance by telephone.

25         **Confidential written settlement statements for the mandatory**
26  **settlement conference shall be lodged with Judge Brooks no later**
27  **than five court days before the mandatory settlement conference.**
28  The statements need not be filed with the Clerk of the Court or

4

served on opposing counsel.  The statements will not become part of the court file and will be returned at the end of the conference upon request.  Written statements may be lodged with Judge Brooks either by mail, by email, or by delivery to the Clerk's Office.

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

6.   Counsel shall serve on each other and file with the Clerk of the Court their memoranda of contentions of fact and law in compliance with Local Rule 16.1(f)(2) on or before <u>March 14, 2016</u>. On or before this date, all parties or their counsel shall also fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

7.   Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before <u>March 21, 2016</u>.  The parties shall meet and confer and prepare a proposed pretrial order.  A personal meeting between an incarcerated Plaintiff, acting in <u>pro per</u>, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called

to testify and written contentions of applicable facts and law.
The exhibits shall be prepared in accordance with Local Rule
16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the
proposed final pretrial conference order.

8.   The proposed final pretrial conference order, including
objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial
disclosures, shall be prepared, served and lodged with the Clerk of
the Court on or before <u>April 4, 2016</u>, and shall be in the form
prescribed in and in compliance with Local Rule 16.1(f)(6).
Counsel shall also bring a court copy of the pretrial order to the
pretrial conference.

9.   The final pretrial conference shall be held before the
Honorable Roger T. Benitez, United States District Judge, on <u>April
11, 2016, at 10:30 a.m.</u>

10.   The dates and times set forth herein will not be modified
except for good cause shown.

11.   Plaintiff's(s') counsel shall serve a copy of this order
on all parties that enter this case hereafter.


Dated:  January 21, 2015

_____
RUBEN B. BROOKS
United States Magistrate Judge


cc:   All Parties of Record

**CASE RESOLUTION GUIDELINES**

**Attendance**

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

**Case Resolution Conference Briefs**

Written statements, when specifically requested, shall be lodged no later than five court days before the scheduled con-ference.  The statements will not become part of the court file. Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail, by e-mail, or hand-delivery to the Clerk's Office in an envelope clearly marked "Confidential - Do Not File."

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.