UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CONAIR CORPORATION, a Delaware corporation, <br><br> Defendant. | Case No.: 13-cv-1901-BEN (RBB) <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART DEFENDANT'S MOTION TO DECERTIFY CLASS** <br><br> **(2) DENYING PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE AS MOOT** |

Before this Court is a Motion to Decertify Nationwide Class Action, filed by Defendant Conair Corporation. (Docket Nos. 191, 244.)

**BACKGROUND**

This case arises from an alleged defect in Defendant Conair's Model 259 and 279 hair dryers.[1] On November 12, 2015, the Court certified a nationwide class under Rule 23(b)(2) and (b)(3) for implied warranty claims under common law and the Magnuson-Moss Warranty Act. (Docket No. 170.) The nationwide class was defined as follows: "All persons who purchased either a model 259 or 279 Infiniti Pro 1875 Watt hair dryer,

---

[1] The Court refers only to the Model 259 hair dryer for consistency.

1

between August 15, 2009 and the present, sold by Defendant Conair Corporation directly or through numerous retailers for primarily personal, family, or household purposes, and not for resale." (*Id.* at 8.)  The Court also certified two state subclasses under Rule 23(b)(3): a California subclass for claims under California's Consumer Legal Remedies Act, Unfair Competition Law, and Song-Beverly Warranty Act; and a New York subclass for a claim under New York General Business Law § 349.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[T]he Due Process Clause of course requires that the named plaintiff *at all times* adequately represent the interests of the absent class members.") (emphasis added).  "A motion to decertify the class is not governed by the standard applied to motions for reconsideration." *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 635 (S.D. Cal. 2015).  The standard for class decertification is the same as for class certification: the requirements of Rule 23 must be satisfied. *Id.*  The decision to decertify a class lies within the sound discretion of the court.  *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816 (9th Cir. 1997).  "The moving party bears the burden of demonstrating that class certification is no longer proper." *Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 617 (S.D. Cal. 2010).

## DISCUSSION[2]

### I.     Defendant's Motion to Decertify Nationwide Class

Defendant argues that the nationwide class must be decertified because the predominance and superiority requirements of Rule 23(b)(3) cannot be satisfied. Particularly, it argues that California law cannot be applied to the entire class, and due to

---

[2] Plaintiffs contend that the motion for decertification is an improper motion for reconsideration and must be denied.  As a motion to decertify a class under Rule 23(c) is different from a motion for reconsideration under Rule 60 or Civil Local Rule 7.1(i), the Court will consider the instant motion.  *See Makaeff*, 309 F.R.D. at 635.

the material differences in state laws, common questions do not predominate.

### A. Choice of Law

A class may be certified under Rule 23(b)(3) if the court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance analysis often requires a choice of law inquiry. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir. 2012); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 538 (C.D. Cal. 2012).

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza*, 666 F.3d at 589 (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001)). In order to apply California law on a class-wide basis, the class action proponent must show that California has "'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class." *Phillips Petroleum Co.*, 472 U.S. at 821-22; *see also Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 919 (2001). If California has significant contacts, then the burden shifts to the opposing party to show "that foreign law, rather than California law, should apply to class claims." *Mazza*, 666 F.3d at 590 (citing *Wash. Mut. Bank*, 24 Cal. 4th at 921). To determine which law should apply, courts look to California's three-step "governmental interest approach":

> Under the first step . . . , the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California.
>
> If . . . the trial court finds the laws are materially different, it must proceed to the second step and determine what interest, if any, each state has in having its own law applied to the case.
>
> Only if the trial court determines that the laws are materially different *and* that each state has an interest in having its own law applied, thus reflecting an actual conflict, must the court take the final step and select the law of the

state whose interests would be 'more impaired' if its law were not applied. *Zinser*, 253 F.3d at 1187 (quoting *Wash. Mut. Bank*, 24 Cal. 4th at 1080-81 (internal citations omitted)) (emphasis in original).

### 1. Applicable rules of law

In support of its motion, Defendant filed a chart of the applicable implied warranty laws in all fifty states and the District of Columbia. (Mot. [Docket No. 244-2] Ex. 3.) Plaintiffs appear to concede that the state laws vary significantly.

The first distinction Defendant points to is the privity requirement. Defendant argues that in some states privity between the consumer and manufacturer is required for an implied warranty claim; while in others, privity is not. *See, e.g.*, *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1035-36 (D. Haw. 2006) (Hawaii does not require privity, even for third party beneficiaries); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (E.D. Wis. 1984) (Wisconsin requires privity for implied warranty claims); *Am. W. Enters., Inc. v. CNH, LLC*, 155 Idaho 746, 750 (2013) (privity required in Idaho for recovery of economic loss); *Kidd v. Kilpatrick Chevrolet, Inc.*, 613 So. 2d 336, 338 (Ala. 1993) (privity is required between "seller" and buyer in Alabama); *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 289-91 (Alaska 1976) (no privity requirement); *see also Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 271-73 (D.D.C. 1990) (recognizing material differences in states' implied warranty laws). Plaintiffs only argue that privity is not required in California.

Whether privity is required is material in this case where Defendant does not sell hair dryers directly to consumers. If a state requires privity, the claims by class members in those states will likely be barred.[3] It is clear that the states differ on this requirement. Even within the states, such as Idaho and Illinois, privity may or may not be required

---

[3] As the nationwide class currently stands, potentially millions of people who purchased the Model 259 outside of California may be able to recover from Defendant where they would not be entitled to do so in their respective states.

depending on the type of relief the plaintiff seeks. *See Am. W. Enters.*, 155 Idaho at 750; *Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292 (1988).

Defendant also notes the differences in the states' statutes of limitations.[4] Most states impose a four-year statute of limitations, which begins on the date of sale. However, some states differ. *See* Iowa Code § 614.1(4) (five years); La. Civ. Code Ann. art. 2534 (four years or one year from date of discovery, whichever occurs first); Miss. Code Ann. § 75-2-725 (six years); Okla. Stat. tit. 12A, § 2-725 (five years); S.C. Code Ann. § 36-2-725 (six years); Wis. Stat. § 402.725 (six years). Further, some states employ the discovery of defect rule, which tolls the statute of limitations. *See, e.g.*, *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1028 (1998).

In addition, Defendant argues that some states, such as California, New York, and Pennsylvania, but not all, require a manifestation of the defect before a consumer can recover for breach of implied warranty. (Mot. 9 (citing *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997); *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 152 (4th Dist. 2008); *Grant v. Bridgestone Firestone, Inc.*, 57 Pa. D. & C. 4th 72, 2002 WL 372941, at *4 (Jan. 10, 2002)).) Plaintiffs did not address this point.

In sum, there are many differences in the states' implied warranty laws. While the majority of states apply a four-year statute of limitations, others have extended the time period. Even though most states say that time begins to accrue on the date of sale, some states apply equitable estoppel. In order to protect class members' interests in those states, the Court would need to determine when each member discovered or should have discovered the breach. Further, some states require privity between the seller and the buyer, while others do not. Defendant has met its burden of showing the various laws

---

[4] Plaintiffs cite *Massachusetts Mutual Life Insurance Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1296 (4th Dist. 2002), to argue that differences in statutes of limitations should not overcome the predominance analysis. The Court agrees that differences in statutes of limitations alone may not preclude class certification in and of itself. However, the distinctions here, in conjunction with the differences in substantive law and the magnitude of the class, create too many individualized questions which fail the Rule 23(b)(3) requirements.

throughout the states and how they materially differ from each other.  The Court now considers whether each state has an interest in applying its own laws to this case.

### 2. *States' interest*

Defendant contends that each state has an important interest in applying its own laws to the case at hand.  Plaintiffs simply conclude, without authority, that the class should proceed in California under California law.

In *Mazza*, the Ninth Circuit examined this issue.  666 F.3d at 591-93.  In that case, the court of appeal held that the district court erred in applying California law to a class action, which covered 44 jurisdictions.  *Id.* at 592.  The court reasoned that states must find the balance between protecting consumers and encouraging business, and they do so through the state courts and legislatures.  *Id.*  "[E]ach state has an interest in setting the appropriate level of liability for companies conducting business within its territory."  *Id.*  The *Mazza* Court even noted that California acknowledges that each state has "'the predominant interest' in regulating conduct that occurs within its borders."  *Id.* (citing *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (2010)).

In accordance with *Mazza*, this Court also concludes that each state has a valid and important interest in applying its own law to this case.  *See also Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 539 (C.D. Cal. 2012) (stating that *Mazza*'s disapproval of applying California law nationwide extends to implied warranty claims as well).

### 3. *Which law applies?*

Finding that Defendant has met its burden on the first two steps of the analysis, the Court must now determine which law to apply.  The third step of California's choice of law analysis suggests that a court must choose only one law to apply to the case—the law that would be most impaired if not applied.  *See Wash. Mut. Bank*, 24 Cal. 4th at 1081. However, the Ninth Circuit dispelled that premise, noting that in some cases, choosing one law may not be appropriate.  *See Mazza*, 666 F.3d at 594 ("Plaintiff's argument that California law is the best choice for this nationwide class is based on a false premise that one state's law must be chosen to apply to all 44 jurisdictions.").

Here, each state seems to be equally impaired. In addition, California does not seem to have more of an interest than does any other state. For one thing, Defendant is not headquartered in California, nor does it have business locations in the state. In order to best protect the nationwide consumers' interests while balancing the states' restrictions on company liability, the appropriate course of action is to apply each state's law to the consumers who purchased the hairdryers in that state. *See Mazza*, 666 F.3d at 594.

Although material differences in state laws do not automatically overcome the predominance and superiority requirements in Rule 23(b)(3), here they do. Whether the Model 259 was defective and whether the implied warranty of merchantability was breached were the two common questions that the Court previously found suitable for a class action. In light of the application of each state law to this case, more individualized questions arise. Where the class members purchased the Model 259, not where they reside matters. When they purchased it matters. Whether the Model 259 malfunctioned, and if it caused some harm to them matters. Thus, answering the couple common questions would only be the beginning of this case's resolution, as a slew of individualized questions follow. As such, Defendant has met its burden showing that the requirements of Rule 23(b)(3) are not met.

B. Magnuson-Moss Warranty Act

Plaintiffs also contend that Defendant's motion fails because Defendant did not address the Magnuson-Moss claim. "Although the Magnuson-Moss Act creates a separate federal cause of action for breach of implied warranty, courts must look to the relevant state law to determine the meaning and creation of any implied warranty." *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116 (C.D. Cal. 2007) (citing 15 U.S.C. § 2301(7) ("The term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product.")). As the state law claims fail to satisfy the predominance and superiority requirement, so does the Magnuson-Moss claim.

///

C. Conclusion

Accordingly, the common questions do not predominate throughout the nationwide class because of the material differences in state laws. Defendant's motion to decertify the nationwide class under Rule 23(b)(3) is therefore **GRANTED**. However, Defendant did not raise any arguments to decertify the nationwide class under Rule 23(b)(2).[5] To the extent Defendant seeks to decertify the nationwide 23(b)(2) class, the motion is **DENIED**.

II. **Plaintiffs' Motion for Approval of Class Notice**

Plaintiffs filed a motion for approval of class notice. (Docket No. 176.) They seek to notify the nationwide classes and California and New York subclasses by internet advertisements posted on various websites, a notice in *People* magazine, and a posting in the *San Diego Union Tribune*. In light of the significant change in class certification, the Court finds it most efficient and appropriate to deny as moot Plaintiffs' Motion for Approval of Class Notice. However, the Court will grant Plaintiffs leave to refile a motion for approval of class notice on or before April 18, 2016.

**CONCLUSION**

The Court therefore **GRANTS** Defendant's motion to decertify the nationwide class under Rule 23(b)(3). Defendant's motion to decertify the nationwide class under Rule 23(b)(2) is **DENIED**. Plaintiffs' motion for approval of class notice is **DENIED as moot**. The Court **GRANTS** Plaintiffs leave to refile a motion for approval of class notice on or before **April 18, 2016**.

**IT IS SO ORDERED.**

Dated: March 30, 2016

HON. ROGER T. BENITEZ
United States District Judge

---

[5] Defendant incorrectly states that no class under Rule 23(b)(2) was certified. The Court only denied certification of a Nationwide Class under Rule 23(b)(2) insofar as Plaintiffs sought restitution, not injunctive relief.