FILED

2016 APR -5 AM 9:20

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAIR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 13-cv-1901-BEN (RBB)<br><br>**ORDER GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before this Court is a Motion for Partial Summary Judgment, filed by Defendant Conair Corporation. (Docket Nos. 185, 243.)

## BACKGROUND

**I.   Factual Background**

Defendant sells hair dryers to third-party retailers, who then sell the hair dryers to consumers. In October 2011, Plaintiff Cynthia Czuchaj purchased her Model 259 hair dryer from a Sam's Club in California. (Mot. [Docket No. 243] Ex. 22.) She did not do any research before buying the hair dryer, nor did she see any advertisements about the Conair Model 259. (*Id.*) After approximately ten months of owning and using the hair dryer without issue, Ms. Czuchaj's hair dryer began sparking and flaming from the cord

1

during normal use. (*Id.*) The event caused minor burns to her bathroom carpet and towel. (*Id.*)

Plaintiff Patricia Carter purchased her Model 259 hair dryer in New York some time in November 2012. (Mot. [Docket No. 243] Ex. 24.) While using her hair dryer, the Model 259 malfunctioned and began emitting blue flames and hot coils which burned Ms. Carter's hair and scalp. (Opp'n [Docket No. 239] Ex. 20.) From February 2010 to November 2012, Defendant received six consumer complaints describing some type of harm from the Model 259 caused by coils. (Opp'n [Docket No. 239] Exs. 12, 22.)

## II.   Procedural History

Plaintiffs initiated this action on August 15, 2013. (Docket No. 1.) On November 12, 2015, the Court certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) for implied warranty claims under common law and the Magnuson-Moss Warranty Act. (Docket No. 170.) The Court also certified two state subclasses under Rule 23(b)(3): a California subclass for claims under California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and Song-Beverly Warranty Act ("Song-Beverly"); and a New York subclass for a claim under New York General Business Law § 349. (*Id.*)

On January 22, 2016, Plaintiffs filed a motion for approval of class notice. (Docket No. 176.) On January 25, 2016, Defendant filed the instant motion for summary judgment along with a motion for class decertification. (Docket Nos. 185, 191.)

On March 30, 2016, the Court decertified the nationwide 23(b)(3) class, concluding that the predominance and superiority requirements were not met because each state's law must be applied to the consumers' claims who purchased hair dryers in that state. (Docket No. 248 at 7.) The Court also denied as moot Plaintiffs' motion for approval of class notice with leave to re-file. (*Id.* at 8.)

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In considering a summary judgment motion, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255.

A moving party bears the initial burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. As a general rule, the "mere existence of a scintilla of evidence" will be insufficient to raise a genuine issue of material fact; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* at 252.

A moving party is only entitled to summary judgment where it has shown that there are no genuine issues of material fact, even if the nonmoving party does not offer materials in support of its opposition. *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Summary judgment is inappropriate where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact. *See id.* "The filing of cross-motions for summary judgment 'does not necessarily mean that there are no disputed issues of material fact and does not necessarily permit the judge to render judgment in favor of one side or the other.'" *Hahn v. Massage Envy Franchising, LLC*, No. 12cv153, 2014 WL 5100220, at *3 (S.D. Cal. Sept. 25, 2014) (citation omitted); *see Halbert v. Cnty. of San Diego*, No. 07cv1607, 2010 WL 1292163, at *6 (S.D. Cal. Mar. 30, 2010).

# DISCUSSION[1]

"[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (1995). As the classes have not yet received notice of this action, this Court's ruling on Defendant's motion for summary judgment is binding on the named Plaintiffs only. *See id.* at 297.

## I.    Plaintiff Czuchaj's Claims – First, Second, & Third Causes of Action

### A. CLRA and UCL

Defendant argues that it is entitled to judgment as a matter of law on Ms. Czuchaj's California UCL and CLRA claims because no evidence shows that: (1) a cord defect exists; (2) Defendant knew of the defect before Plaintiff purchased the Model 259; or (3) Plaintiff relied on Defendant's representations when purchasing the Model 259.[2] Plaintiff contends that: (1) there is a factual dispute over whether a defect exists and whether Defendant knew of the defect; and (2) reliance is presumed because the omission—failure to disclose the cord defect—was material. The Court need only address the reliance argument, because assuming *arguendo* that there is a cord defect and that Defendant knew of the defect, it is dispositive.

Under the CLRA, it is unlawful to use "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services to consumers. Cal. Civ. Code § 1770(a). A "consumer who suffers any damage *as a result of*" an act proscribed by section 1770 may recover damages. Cal. Civ. Code § 1780(a) (emphasis added).

---

[1] As an initial matter, the Court DENIES Defendant's Request for Judicial Notice. (Docket No. 185-2). Defendant failed to cite authority for taking judicial notice of non-government websites or state how the accuracy of Intertek's website cannot reasonably be questioned.

[2] Defendant also argues that the statement "Great Hair . . . Salon Results at Home" amounts to mere puffery and is not actionable under the CLRA or UCL. Ms. Czuchaj concedes that her claim is not based on any affirmative misrepresentation, only an omission.

4

California's UCL proscribes business acts or practices that are "unlawful, unfair or fraudulent." Cal. Bus. & Prof. Code § 17200. Under the UCL, a plaintiff must show he "suffered injury in fact and has lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 325-26 (2011) (noting that the language "as a result of" requires a showing of reliance).

Ms. Czuchaj's claims under all three prongs of the unfair competition law are based on: (1) Defendant's failure to disclose the alleged defect; or (2) a violation of the CLRA or the Consumer Product Safety Act. Ms. Czuchaj testified that she did not rely on any advertisements when deciding to purchase the Model 259. (Mot. [Docket No. 243] Ex. 22 at 21.) Czuchaj did not do any research on hair dryers before making her purchase, and she did not make her decision based on word of mouth. (*Id.* at 20-21.) Rather, Czuchaj went to Sam's Club to purchase a hair dryer, went to the appropriate section of the store, saw that the Model 259 was the only hair dryer on display, made sure that it had more than 1200 Watts, and bought it. (*Id.* at 24-25.) Ms. Czuchaj has not shown that she would have been aware of any warning had Conair warned of the alleged defect. *See Daniel v. Ford Motor Co.*, 2013 WL 2474934, at *5 (E.D. Cal. June 7, 2013) (dismissing plaintiff's claim based on fraudulent omissions when plaintiff "never viewed a website, advertisement, or other material that could plausibly contain the allegedly omitted fact."); *Withers v. eHarmony, Inc.*, No. 09-2266, 2011 WL 8156007, at *2 (C.D. Cal. Mar. 4, 2011) ("Reliance cannot be inferred or presumed where a consumer has never heard or seen the deceptive representation.") (citing *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1095 (1993)).

The parties did not raise any genuine issues of fact relating to the reliance analysis. And, the evidence shows that Ms. Czuchaj cannot satisfy the reliance elements of the CLRA or UCL. Defendant's motion for summary judgment is therefore **GRANTED**.

B. <u>Song-Beverly Consumer Warranty Act</u>

Defendant contends it is entitled to summary judgment on Ms. Czuchaj's implied

5

warranty of merchantability claim under Song-Beverly because there is no vertical privity between Ms. Czuchaj and Defendant. Ms. Czuchaj argues that vertical privity is not required.

Unless sold "as is," attached to every sale of consumer goods is an implied warranty of merchantability. Cal. Civ. Code § 1792. The goods must be fit for ordinary use; be adequately labeled, packaged, and contained; conform to any representations made on the labels and packaging; and "pass without objection in the trade under the contract description." Cal. Civ. Code § 1791.1(a).

The Court is not persuaded by the cases Defendant relies on to argue that vertical privity is a required element of an implied warranty claim under Song-Beverly. *Teitsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010), is the only case provided by Defendant that expressly mentions Song-Beverly. However, *Teitsworth* is based on *Chandler v. Chiron Corp.*, No. C-96-1047, 1997 WL 464827, at *7 (N.D. Cal. July 28, 1997), which notes that vertical privity is required for a general implied warranty claim under California common law, not a claim under Song-Beverly.

Instead, this Court agrees with the line of cases that discuss implied warranty claims under Song-Beverly and hold that vertical privity is not required. *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-cv-485, 2013 WL 5816410, at *10 (S.D. Cal. Oct. 29, 2013); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 946-47 (C.D. Cal. 2012); *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116 n.9 (C.D. Cal. 2007) (noting that an argument requiring vertical privity "ignores the plain language of the Song-Beverly Act."). The Court therefore **DENIES** Defendant's motion for summary judgment as to Ms. Czuchaj's claim for breach of implied warranty under Song-Beverly.

## II. Plaintiff Carter's Claim – Seventh Cause of Action

Defendant contends it could not have materially misled Ms. Carter because it did

not know of the alleged coil defect before Ms. Carter purchased her hair dryer.[3]  Ms. Carter points to consumer complaints which, she claims, put Defendant on notice of the alleged coil defect.

"Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. Law § 349(a).  To state a section 349 claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *City of N.Y. v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009).

On February 10, 2010, a consumer emailed Defendant describing how a coil ejected from her hair dryer during use and caught two items on fire.  (Opp'n [Docket No. 239] Ex. 12.)  On November 14, 2011, Defendant received a report that "coils broke out of the [consumer's] hair dryer and burned her."  (Opp'n [Docket No. 239] Ex. 8 at 22.)  Over the next year, Defendant received four similar consumer complaints where hot coils caused some type of harm.  (*Id.*)  Ms. Carter did not purchase her hair dryer until November 2012.  (Mot. [Docket No. 243] Ex. 24 at 4.)

Defendant asks this Court to hold as a matter of law that "three" consumer complaints are insufficient to impute knowledge upon a defendant.  Yet, Defendant fails to cite any authority for doing so.  Whether Defendant knew of the alleged coil defect is a question of fact in this case.  Defendant denies awareness of any coil issues with its hair dryers until 2013 when it conducted an investigation and initiated a recall.  In opposition, Ms. Carter presents evidence of consumers who complained to Defendant that their hair dryers had ejected hot coils and caused damage.  Accordingly, it is clear a genuine issue of material fact is in dispute.  The Court therefore **DENIES** Defendant's motion for summary judgment as to Ms. Carter's section 349 claim.

---

[3] Just as above, Defendant argues that the statement "Great Hair . . . Salon Results at Home" amounts to mere puffery and is not actionable under section 349.  Ms. Carter concedes that her claim is not based on an affirmative misrepresentation, only an omission.

### III. All Plaintiffs' Claim – Eleventh Cause of Action

Defendant asks this Court to dismiss Plaintiffs' eleventh cause of action for breach of implied warranty under common law because Plaintiffs lack vertical privity with Defendant. Defendant's argument is premised on the Court's application of California law to the nationwide class. As concluded in this Court's Order Granting in Part Defendant's Motion to Decertify Class (Docket No. 248), it would be improper to do so. Accordingly, Defendant's motion as to the common law implied warranty claim is **DENIED as moot.**

### CONCLUSION[4]

The Court therefore **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. Summary judgment is **GRANTED** as to the first and second causes of action. However, summary judgment is **DENIED** as to the third and seventh causes of action. The motion as to the eleventh cause of action is **DENIED as moot.**

**IT IS SO ORDERED.**

Dated: 4/4, 2016

HON. ROGER T. BENITEZ
United States District Judge

---

[4] The parties' objections to the evidence (Docket Nos. 209, 242) are overruled to the extent they are inconsistent with this Order.