FILED
MAY 13 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CONAIR CORPORATION, a Delaware corporation, <br><br> Defendant. | Case No.: 13-cv-1901-BEN (RBB) <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE** |

Before this Court is a Motion for Approval of Class Notice, filed by Plaintiffs Cynthia Czuchaj, Angelique Mundy, Barbara McConnell, and Patricia Carter. (Docket No. 256.)

## BACKGROUND

Plaintiffs initiated this class action lawsuit in August 2013, alleging that design defects exist in Defendant Conair Corporation's Model 259 and 279 hair dryers. The Court certified a nationwide class under Rule 23(b)(2) and two classes for damages under Rule 23(b)(3): a California class and a New York class. The California Class is defined as follows:

All California residents who purchased either a model 259 or 279 Infiniti

Pro 1875 Watt hair dryer, between August 15, 2009 and the present, sold by Defendant Conair Corporation directly or through a retailer for primarily personal, family, or household purposes, and not for resale.

The New York Class is similarly defined as follows:

All New York residents who purchased either a model 259 or 279 Infiniti Pro 1875 Watt hair dryer, between August 15, 2009 and the present, sold by Defendant Conair Corporation directly or through a retailer for primarily personal, family, or household purposes, and not for resale.

As the parties cannot agree on how to provide class notice in compliance with Federal Rule of Civil Procedure 23, Plaintiffs have filed the instant Motion for approval of their plan to provide notice to the California and New York classes. Defendant filed an Opposition, and Plaintiffs filed a Reply. (Docket Nos. 267, 271.)

## LEGAL STANDARD

Rule 23(c)(2)(b) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Where individual notice is not practicable, "publication or some similar mechanism can be sufficient to provide notice to the individuals that will be bound by the class action judgment." *In re Google Referrer Header Privacy Litig.*, 87 F. Supp. 3d 1122, 1129 (N.D. Cal. 2015) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). "When the court certifies a nationwide class of persons whose addresses are unknown, notice by publication is reasonable." *In re Toys R Us FACTA Litig.*, 295 F.R.D. 438, 449 (C.D. Cal. 2014) (providing notice by publication in *USA Today* identifying the nature of class action, ways to opt out or object to the settlement, etc.) (citing *Dennis v. Kellogg Co.*, No. 09-cv-1786, 2010 WL 4285011, at *5-6 (S.D. Cal. Oct. 14, 2010), *rev'd on other grounds by* 697 F.3d 858 (9th Cir. 2012).

## DISCUSSION

In conjunction with sending direct notice by email or postal mail to those individuals for which Plaintiffs have contact information, Plaintiffs propose to provide notice to the California and New York classes by disseminating a full-page "Summary

Notice" in the California and New York editions of *People* magazine. In addition, Plaintiffs will purchase 15 million unique impressions of internet banner advertisements over a one-month period. Plaintiffs will also create a website and provide a toll-free telephone number, which will be listed on the notices so that consumers may access more information. Plaintiffs contend the proposed notice plan will reach approximately 75% of the class.

Defendant contends that the proposed class notice is insufficient and that Plaintiffs are required to provide individual notice to the members of the class. The Court disagrees with Defendant's argument that direct individual notice is required in this case. Defendant's hair dryers are sold to retailers throughout the nation, who then resell the hair dryers to consumers. These third-party retailers are stores like Target; Bed, Bath & Beyond; and Wal-Mart. The hair dryers are relatively inexpensive products that sell for approximately $40 each. Presumably, consumers buy these hair dryers by paying with cash or credit cards. Even Defendant only has contact information for a small number of consumers—those who filed a complaint with the company for one reason or another. It is apparent that direct notice to all class members is not practicable in this case and that notice by publication is reasonable.

However, the Court is not satisfied by Plaintiffs' proposed notice plan. In order to make a reasonable effort at attempting to notify potential class members who reside in California and New York, Plaintiffs shall also distribute a Summary Notice (like that proposed for *People* magazine) in the *New York Times* newspaper, <u>and</u> the California and New York editions of either *Better Homes and Gardens* or *Vogue* magazine. In addition, the internet banners shall include the following language: "You may need to opt-out to protect your rights."

Plaintiffs shall distribute notice within 30 days of the date this Order is filed and class members shall have 30 days to opt-out of the class. The deadline to opt-out shall be <u>July 20, 2016</u>.

///

## CONCLUSION

Accordingly, Plaintiffs' Motion is **GRANTED in part**. Plaintiffs are **ORDERED** to provide a list of class members whom Plaintiffs have contact information for and will provide direct notice to. The list shall be lodge with the Court no later than June 1, 2016.

**IT IS SO ORDERED.**

Dated: May 13, 2016

HON. ROGER T. BENITEZ
United States District Judge