

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, individually and on behalf of all others similarly situated, et al., <br> Plaintiffs, <br> vs. <br> CONAIR CORPORATION, a Delaware corporation, <br> Defendant. | Case No.: 13-cv-1901-BEN (RBB) <br><br> **PRE-TRIAL CONFERENCE ORDER RECONSIDERING AND DECERTIFYING INJUNCTIVE RELIEF CLASS** |

A Pre-Trial Conference was held on May 20, 2016. At the hearing, the Court agreed to review its class certification rulings and clarify any ambiguities. The Court finds no ambiguities but now reconsiders its order certifying a nationwide class for injunctive relief.

On November 12, 2015, the Court certified a nationwide class under Rule 23(b)(2) and (b)(3) for implied warranty claims under common law and the Magnuson-Moss Warranty Act. The Court also certified two state subclasses under Rule 23(b)(3): (a) a California subclass for claims under California's Consumer Legal Remedies Act, Unfair Competition Law, and Song-Beverly Warranty Act; and (b) a New York subclass for a claim under New York General Business Law § 349. Thereafter, Defendant moved to decertify the Rule 23(b)(3) nationwide class. That motion was granted. Common

questions do not predominate throughout the nationwide class because of the material differences in state laws. However, Defendant did not raise any arguments to decertify the nationwide class for injunctive relief under Rule 23(b)(2). On the basis of Defendant's silence, the Court denied the motion as to the Rule 23(b)(2) class.

The Court now reconsiders its Order declining to decertify the Rule 23(b)(2) nationwide injunctive relief class. *See* Order (dated Mar. 30, 2016), at 8 & n.5. Because the nationwide class action for monetary relief has been decertified, there remains no substantive legal theory upon which to base nationwide injunctive relief. Generally, certification under Rule 23(b)(2) is not appropriate where the relief relates predominantly to money damages. *Nelsen v. King County*, 895 F.2d 1248, 1255 (9th Cir. 1990). Common issues need not predominate for certification under Rule 23(b)(2). *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). But for a injunctive relief class, there must be clear legal violation alleged. *See e.g. Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 558 (9th Cir. 1990) (Rule 23(b)(2) injunctive relief class certified based on allegations that INS engaged in persistent national pattern of misconduct violating rights of aliens). In this case, the predominant relief requested in each jurisdiction relates to money damages, and there is no nationwide substantive legal theory class to support a nationwide class for injunctive relief. Therefore, the Court reconsiders its earlier order and now decertifies the Rule 23(b)(2) nationwide class for injunctive relief.

## CONCLUSION

Trial is set for Tuesday, September 13, 2016 at 9:30 a.m. Motions in limine, if any, shall be filed by August 22, 2016.

**IT IS SO ORDERED.**

Dated: 5/14/____, 2016

HON. ROGER T. BENITEZ
United States District Judge