UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA L. CZUCHAJ, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONAIR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 3:13-cv-01901-BEN-RBB<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT** |

On March 23, 2017, this Court heard Plaintiffs' Unopposed Motion for an Order Granting Final Approval of Class Action Settlement and Entering Judgment, and Motion for an Order Granting an Award of Attorneys' Fees, Litigation Costs and Class Representative Service Payments [Dkts. 357, 358].

Having received and considered the proposed Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with this Motion [Dkts. 357, 358] and the Motion for Order Granting Preliminary Approval of Class Action Settlement [Dkt. 353, 354], the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING

DETERMINATIONS:

1.     The Settlement was preliminarily approved December 6, 2016.  Dkt. 355. In accordance with this Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed December 6, 2016 [Dkt. 355], Class Members were given notice of the terms of the Settlement, of the manner in which to submit a valid claim, objection, or request for exclusion from the Settlement and the deadline to do any of these actions, and were informed of the date and place set for the Final Approval hearing.

2.     The Court-approved Long-Form and Short (Summary) Form Class Notice and Claim Form were disseminated to the Class pursuant to the Court-approved Notice Plan to inform Class Members of their rights and benefits under the Settlement; how to obtain additional information about the Settlement; instructions for submitting a valid claim, objection, or request for exclusion; the deadline to take these actions; and the date and place of the Final Approval hearing.  *Id*., Dkt. 358-3, ¶¶ 6-8, pp. 16-25.[1]

3.     The Notice provided details on the amounts to be requested to be paid by Conair for Class Representative Service Payments and Class Counsels' attorneys' fees and litigation costs.  Dkt. 358-3, p. 21, ¶ 17.

4.     Following a National Change of Address database search of Class Member names and addresses supplied by Conair, on December 21, 2016, the Court-appointed administrator, Kurtzman Carson Consultants, LLC ("KCC"), formatted and mailed a Long Form Notice of Class Action Settlement and Claim Form ("Notice Packet") to 25,022 members of the Class.  Dkt. 358-3, ¶ 7. On the return of undelivered Notice Packets due to bad addresses, KCC undertook adequate measures to locate better addresses and re-mailed the Notice Packets.  Dkt. 358-3, ¶¶ 9, 10.

---

[1] At the Preliminary Approval hearing, the Court directed certain changes to the Class Notice submitted with the motion. Dkt. 354, pp. 48-61. The edited Class Notice was reviewed, signed, and filed with the Order Granting Preliminary Approval.  Dkt. 355.

5. The Notice referenced the website name, www.ConairClassActionSettlement.com, at which Class Members could view and download the Settlement Agreement, the Preliminary Approval Order, and the Notice and Claim Form. The website included a "Frequently Asked Questions" section for answers to common questions, and directed individuals to call the Administrator at the toll-free number for additional information and to request a Notice and Claim Form be mailed to them. Dkt. 358-3, ¶¶ 12, 13.

6. On December 21, 2016, KCC sent the Short (Summary) Notice of the Settlement by E-mail to 6,614 members of the Class for whom email addresses were known. Dkt. 358-3, ¶ 8. If E-mailed notices bounced back, KCC mailed Notice Packets to those Class Members. Dkt. 358-3, ¶ 9.

7. On January 9, 2017, KCC caused the Summary Notice to be published in the *New York Times* and *Wall Street Journal*. KCC also caused the Summary Notice to appear in the California and New York state editions of *Parade* newspaper supplements in the January 15, 2017 issue, and to appear in the January 23, 2017 issue of the California and New York state edition of *People* magazine. Dkt. 358-3, ¶ 11.

8. The Notice Plan included the use of internet banner ads directed to internet users who were women 18 years of age or older in California and New York. For the period from December 23, 2016 through January 23, 2017, KCC caused 15,069,310 impressions to be delivered. Dkt. 358-3, ¶ 11.

9. Additionally, to comply with the Class Action Fairness Act ("CAFA"), KCC compiled a CD-ROM containing the following documents: Class Action Complaint for Damages and Equitable Relief; First Amended Complaint for Damages and Equitable Relief; Second Amended Complaint for Damages and Equitable Relief; Conair Corporation's Answer to Plaintiffs' Second Amended Complaint; Plaintiffs' Notice of Motion and Motion for an Order Granting Preliminary Approval of Class Action Settlement, Points and Authorities in Support of Plaintiffs' Motion for Order Granting Preliminary Approval of Class Action Settlement, Declaration of Isam C.

3

Khoury in Support of Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement, Declaration of Brian D. Chase in Support of Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement, and Declaration of Katherine J. Odenbreit in Support of Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement; Claim Form; Publication Notice; Long Form Notice; and Settlement Agreement, which accompanied a cover letter (collectively, the "CAFA Notice Packet"). On November 22, 2016, KCC caused fifty-nine (59) CAFA Notice Packets to be mailed to the U.S. Attorney General, the Attorneys General of each of the fifty (50) states and the District of Columbia, the Attorneys General of the five recognized U.S. Territories, as well as parties of interest to this Action. Dkt. 358-3, ¶¶ 4-5.

    10.    In response to the Notice Plan and Class Notice,

        a)    884 persons interested in the Settlement called the Administrator's toll-free number. Dkt. 358-3, ¶ 12.

        b)    134,562 hits were logged on the Settlement website. Dkt. 358-3, ¶ 13.

        c)    12 members of the Class, 3 in response to the Class Notice of Settlement, and 9 in response to the earlier notice of class certification, requested exclusion from the Class and Settlement. Dkt. 358-3, ¶ 14.

        d)    1,738 Claim Forms, including 18 postmarked after the March 9, 2017 deadline, were received by KCC. Dkt. 359. Of the 1,736 processed, 431 were valid claims, 4 for replacement Hair Dryers and 427 for an award of five dollars ($5). 579 claims were deficient for various reasons for which deficiency letters and requests to cure will be mailed by KCC, and 726 claims were denied for various reasons, such as a purchase date outside of the Class Period, or the state of purchase was not California or New York. *Id*.

        e)    No objections as to any term of the Settlement were filed and served upon Counsel for the Parties by any person [Dkt. 358-2, ¶ 10], as directed by the Class

4

Notice [Dkt. 358-3, p. 22, ¶ 18] and as Ordered by the Court [Dkt. 355, ¶¶ 17-19].

11. The Court now finds and determines the Notice Plan and Class Notice afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines the Notice Plan and Class Notice provided the best practicable notice, and satisfied the requirements of law and due process.

12. The Court hereby approves the terms set forth in the Settlement Agreement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement was reached as a result of informed and non-collusive arms'-length negotiations facilitated by a neutral mediator, the Hon. Leo Papas (Ret.). The Court further finds that the Parties conducted extensive investigation, research, formal discovery, and that their attorneys were able to reasonably evaluate their respective positions. The Parties settled on the eve of trial, only after the case was fully investigated by experienced counsel and ready to be heard by a jury. The Court also finds that Settlement will enable the Parties to avoid additional and potentially substantial litigation costs, as well as the significant delay and risks if the Parties were to continue to litigate the case through trial, post-trial motions, and appeal.

13. The Court further finds and determines the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and the Settlement is ordered finally approved, and all terms and provisions of the Settlement are ordered to be consummated.

14. With respect to the Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among members of the Settlement Class with respect to the subject matter of this action; (c) the claims of Class Representatives, the Plaintiffs Cynthia L. Czuchaj and

Patricia Carter, are typical of the claims of the members of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for Plaintiffs in their individual and representative capacity for the Class.

15. The Court has certified a Class, as that term is defined in and by the terms of the Settlement Agreement in Section I, paragraph 1.18, and the Court deems this definition sufficient for purposes of Rule 23 of the Federal Rules of Civil Procedure.

16. The Court hereby confirms Odenbreit Law, APC, Cohelan, Khoury & Singer, and Bisnar | Chase as Class Counsel.

17. The Court hereby confirms Plaintiffs Cynthia L. Czuchaj and Patricia Carter as the Class Representatives in this action.

18. The Court finds and determines that the individual Settlement Payments to be paid to participating Class Members (as validated by the Administrator) as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to the participating Class Members in accordance with the terms of the Settlement Agreement.

IT IS FURTHER ORDERED AS FOLLOWS:

19. The Court finds Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and, accordingly, the Court approves the application of Class Counsel of $1,196,000 for their attorneys' fees. This amount equals 60% of the lodestar figure.

20. The Court further finds Class Counsels' out-of-pocket litigation expenses of $231,000 are documented, reasonable, and necessary to the prosecution of this action.

21. The Court further finds third-party administration costs to KCC for its services in connection with notice of class certification to the Class in the sum of $253,977.64 are documented, reasonable, and necessary.

22. The Court approves a Class Representative service payment to Cynthia Czuchaj in the amount of $10,000 for initiation of this action, work performed, the risks undertaken for the payment of costs in the event of an unfavorable outcome, and for the benefits to be received by participating Class Members as a result of her efforts.

23. The Court approves a Class Representative service payment to Patricia L. Carter in the amount of $10,000 for the work performed, the risks undertaken for the payment of costs in the event of an unfavorable outcome, and for the benefits to be received by participating Class Members as a result of her efforts.

24. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

25. Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order.

26. The Parties are ordered to comply with the terms of the Settlement.

27. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

28. The Court grants Plaintiffs' Motion for an Order Granting an Award of Attorneys' Fees, Litigation Costs, and Class Representative Service Payments [Dkt. 357] and Motion for an Order Granting Final Approval of Class Action Settlement and Entering Judgment [Dkt. 358].

29. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement, and this Order.  This action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  March 31, 2017

_____
Hon. Roger T. Benitez
United States District Judge